Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/15/2016 09:06 AM CDT

State of Nebraska, appellee, v.
Manuel A. Aguallo, appellant.
___ N.W.2d ___

Filed July 15, 2016.    No. S-15-849.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.
2. **Criminal Law: Statutes: Legislature: Sentences.** Generally, if the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature specifically provided otherwise.
3. **Statutes: Appeal and Error.** Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.
4. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.
5. **Statutes: Legislature: Intent.** In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
6. ____: ____: ____. Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.
7. **Sentences: Legislature: Intent: Time.** The Legislature did not intend penalty reductions made in 2015 to Class IIIA felonies to apply retroactively to offenses committed prior to August 30, 2015.

8. **Appeal and Error: Words and Phrases.** Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.

Appeal from the District Court for Box Butte County: TRAVIS P. O'GORMAN, Judge. Affirmed.

Bell Island, of Island & Huff, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, MILLER-LERMAN, CASSEL, STACY, and KELCH, JJ.

STACY, J.

Manuel A. Aguallo appeals his sentence for sexual assault of a child, third degree. He contends the district court erred in failing to retroactively apply recent statutory amendments which reduced the penalty for Class IIIA felonies. We find the reduced penalty provisions do not apply to Aguallo, and we affirm his conviction and sentence.

## FACTS

On March 4, 2015, the State filed an information charging Aguallo with sexual assault of a child, third degree, in violation of Neb. Rev. Stat. § 28-320.01 (Reissue 2008). The offense was alleged to have occurred on or about January 25, 2015. He entered a plea of no contest on July 17. On September 9, he was sentenced to a prison term of 59 to 60 months.

At sentencing, the district court considered the effect of certain amendments made to Nebraska's sentencing laws by 2015 Neb. Laws, L.B. 605. We describe some of L.B. 605's changes while reciting the facts of the sentencing hearing, and we analyze the applicability of those legislative changes later in the opinion.

L.B. 605 amended Nebraska law to, among other things, reduce the penalties for a variety of felonies. Before L.B. 605, Class IIIA felonies were punishable by a maximum of 5 years' imprisonment, a $10,000 fine, or both, with no minimum term of imprisonment.[1] L.B. 605 reduced the maximum term of imprisonment for Class IIIA felonies from 5 to 3 years and added maximum and minimum terms of postrelease supervision.[2]

L.B. 605 also amended the indeterminate sentencing scheme for Nebraska felonies. Prior to L.B. 605, Neb. Rev. Stat. § 29-2204 (Reissue 2008) required the court to

> fix the minimum and maximum limits of the sentence to be served within the limits provided by law for any class of felony other than a Class IV felony . . . . If the criminal offense is a Class IV felony, the court shall fix the minimum and maximum limits of the sentence, but the minimum limit fixed by the court shall not be . . . more than one-third of the maximum term . . . .[3]

Thus, as it existed before L.B. 605, § 29-2204 authorized indeterminate sentencing for all felonies and, except for Class IV felonies, courts could impose an indeterminate sentence with identical minimum and maximum terms, i.e., a sentence of 60 to 60 months' imprisonment.[4]

L.B. 605 amended § 29-2204 to restrict indeterminate sentencing to the more serious felonies and ushered in determinate sentencing with postrelease supervision for Classes III, IIIA, and IV felonies.[5] As it regards indeterminate sentencing, L.B. 605 amended § 29-2204 to provide:

> Except when the defendant is found guilty of a Class IA felony, in imposing a sentence upon an offender for any

---

[1] See Neb. Rev. Stat. § 28-105 (Reissue 2008).

[2] See § 28-105 (Supp. 2015).

[3] § 29-2204(1)(a)(ii)(A).

[4] *State v. Marrs*, 272 Neb. 573, 723 N.W.2d 499 (2006).

[5] See § 29-2204 (Supp. 2015) and Neb. Rev. Stat. § 29-2260 (Supp. 2015).

class of felony other than a Class III, IIIA, or IV felony, the court shall fix the minimum and the maximum terms of the sentence to be served within the limits provided by law. . . . The minimum term fixed by the court shall be any term of years less than the maximum term imposed by the court.[6]

And L.B. 605 amended § 29-2260 to address determinate sentencing:

For all sentences of imprisonment for Class III, IIIA, or IV felonies, other than those imposed consecutively or concurrently with a sentence to imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose a determinate sentence within the applicable range in section 28-105, including a period of post-release supervision.[7]

In 2016, the Legislature amended § 29-2260 again and moved the primary provisions governing determinate sentencing for Classes III, IIIA, and IV felonies from § 29-2260 to § 29-2204.02.[8]

In summary, L.B. 605 requires that—for those classes of felonies where indeterminate sentencing is still required—courts cannot impose a sentence with identical minimum and maximum terms. And except for circumstances not relevant here, L.B. 605 and L.B. 1094 require imposition of a determinate sentence and a term of postrelease supervision for Classes III, IIIA, and IV felonies.

At Aguallo's sentencing, the district court referenced the sentencing changes imposed by L.B. 605. The court made an express finding that the reduced penalty for Class IIIA felonies did not apply to Aguallo, reasoning that the statutory language of L.B. 605—codified at § 28-105 (Supp. 2015) and Neb. Rev. Stat. § 28-116 (Supp. 2015)—clearly states

---

[6] § 29-2204(1) and (1)(a).

[7] § 29-2260(5).

[8] See 2016 Neb. Laws, L.B. 1094, §§ 11 and 16.

the reduced penalties are not to be applied retroactively to "any offense committed prior to August 30, 2015." The court also commented that because of the L.B. 605 amendments, it could no longer impose an indeterminate sentence with identical minimum and maximum terms. The court then sentenced Aguallo to an indeterminate sentence of 59 to 60 months' imprisonment.

Aguallo filed this timely appeal, which we moved to our docket pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[9]

## ASSIGNMENT OF ERROR

Aguallo assigns that the district court erred in finding he was not entitled to the reduction in penalties for Class IIIA felonies implemented by L.B. 605.

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.[10]

## ANALYSIS

[2] Generally, if the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature specifically provided otherwise.[11] We sometimes refer to this rule as the "*Randolph* doctrine," after its progenitor.[12]

Here, Aguallo was convicted of a sexual assault which occurred in January 2015, prior to the effective date of L.B. 605. The question presented is whether the sentencing

---

[9] Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2014).

[10] *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015); *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013).

[11] *State v. Duncan*, 291 Neb. 1003, 870 N.W.2d 422 (2015).

[12] See, *id.*; *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971).

changes implemented by L.B. 605 should have been applied retroactively to Aguallo.

[3-6] Our analysis is guided by familiar rules of statutory construction. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.[13] It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute.[14] In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[15] Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.[16]

When the Legislature amended the penalty provisions in § 28-105 to, among other things, reduce the penalties for Class IIIA felonies, it included the following language regarding retroactive application: "The changes made to the penalties for Class III, IIIA, and IV felonies by laws 2015, LB605, do not apply to any offense committed prior to August 30, 2015, as provided in section 28-116."[17] As such, the plain language of § 28-105(7) provides that L.B. 605's penalty

---

[13] *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013); *State v. Parks*, 282 Neb. 454, 803 N.W.2d 761 (2011).

[14] *State v. Warriner*, 267 Neb. 424, 675 N.W.2d 112 (2004); *State v. Gartner*, 263 Neb. 153, 638 N.W.2d 849 (2002).

[15] *State v. Mucia*, 292 Neb. 1, 871 N.W.2d 221 (2015); *State v. Huff*, 282 Neb. 78, 802 N.W.2d 77 (2011).

[16] *State v. Hernandez*, 283 Neb. 423, 809 N.W.2d 279 (2012).

[17] § 28-105(7).

changes do not apply to "any offense" committed prior to August 30, 2015.

Section 28-116 provides in part:

> The changes made to the sections listed in this section by Laws 2015, LB605, shall not apply to any offense committed prior to August 30, 2015. Any such offense shall be construed and punished according to the provisions of law existing at the time the offense was committed. For purposes of this section, an offense shall be deemed to have been committed prior to August 30, 2015, if any element of the offense occurred prior to such date.

Section 28-116 then goes on to list more than 60 statutes that were amended in some respect by the many provisions of L.B. 605. The list of amended statutes in § 28-116 includes § 28-105 (statute imposing penalties for Class IIIA felonies), § 29-2204 (statute governing determinate and indeterminate sentences for felonies other than Classes IA, III, IIIA, and IV), and § 29-2260 (statute governing determinate sentences for Classes III, IIIA, and IV felonies).

On appeal, Aguallo observes that the list of statutes in § 28-116 does not include the statute under which he was convicted, § 28-320.01, and he argues this omission suggests the Legislature intended to permit retroactive application of the reduced penalties to his offense. We disagree.

[7] It is clear from reviewing L.B. 605 that § 28-320.01 is not among the statutory sections listed in § 28-116 for the simple reason that L.B. 605 did not make any changes to the classification or the elements of that crime. L.B. 605 did, however, make changes to the penalties for all Class IIIA felonies, and § 28-320.01 is a Class IIIA felony. It is clear from the plain language of §§ 28-105(7) and 28-116 that the Legislature did not intend the penalty reductions to Class IIIA felonies to apply retroactively to offenses committed prior to the effective date of L.B. 605. It is thus immaterial that the offense Aguallo committed is not among those listed in § 28-116, and his argument to the contrary is without merit.

Finally, although the State did not file a cross-appeal contending the sentence imposed was excessively lenient, it urges us to recognize plain error. The State argues the district court committed plain error in imposing an indeterminate sentence of 59 to 60 months' imprisonment when it could have, consistent with Nebraska law in effect at the time the offense was committed and L.B. 605, imposed a sentence of 60 months to 60 months' imprisonment.

[8] Plain error exists where there is error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.[18] Aguallo's sentence of 59 to 60 months' imprisonment was within the statutory limits for a Class IIIA felony,[19] and the slight difference in punishment about which the State complains does not rise to the level of plain error under the circumstances of this case.

## CONCLUSION

The reduced penalties for Class IIIA felonies do not apply retroactively to Aguallo, because his offense was committed before the effective date of L.B. 605. Aguallo's sentence of 59 to 60 months' imprisonment was within statutory limits and was not plain error. His conviction and sentence are affirmed.

Affirmed.

---

[18] *State v. Smith*, 284 Neb. 636, 822 N.W.2d 401 (2012).

[19] See § 28-105 (Reissue 2008).