IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MCCLEASE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHAWN Q. MCCLEASE, APPELLANT.

Filed August 9, 2016.    No. A-16-134.

Appeal from the District Court for Lancaster County: JODI NELSON, Judge. Affirmed.

Joe Nigro, Lancaster County Public Defender, and Shawn Elliott for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

BISHOP, Judge.

Shawn Q. McClease pleaded no contest to one count of theft by unlawful taking of property with a value of over $1,500, a Class III felony at the time of the offense. See Neb. Rev. Stat. § 28-511 (Reissue 2008) and § 28-518(1) (Cum. Supp. 2014). The district court sentenced him to 10 to 15 years' imprisonment. McClease argues that the court should have sentenced him in accordance with the provisions of 2015 Neb. Laws, L.B. 605, which took effect after McClease committed the offense but before he pleaded no contest or was sentenced. He alternatively argues that his sentence is excessive. For the following reasons, we affirm.

BACKGROUND

On September 11, 2015, McClease was charged by information with three counts of theft by unlawful taking in violation of § 28-511. Count 1 alleged that on or about July 2, 2015, McClease stole property from a jewelry store in Lancaster County, Nebraska, having a value of $500 or more but not over $1,500. Count 2 alleged that on or about August 12, McClease stole

- 1 -

property from another jewelry store in Lancaster County having a value of more than $1,500. Count 3 alleged that on or about August 19, McClease stole property from a third jewelry store in Lancaster County having a value of more than $1,500.

On December 23, 2015, pursuant to a plea agreement, McClease pleaded no contest to count 3. In exchange, the State dismissed counts 1 and 2 and also dismissed the charges in a separate criminal case pending against McClease in Lancaster County. At the plea hearing, the State provided the following factual basis for McClease's plea to count 3:

> Judge, there's a series of three thefts from jewelry stores here in Lincoln, Nebraska. Back in July and August of 2015. The last being on August 19th of 2015 at Darold's Jewelers at 6900 O Street, here in Lincoln, Lancaster County, Nebraska.
>
> Uh, they reported that a black male, approximately 5′6″, 130 pounds wearing a blue-gray tweed suit came into the store to look at loose diamonds. He eventually agreed to purchase a 1.5 karat [sic] diamond for 13,500 and gave a credit card to do so.
>
> Uh, the card was denied. And then the individual indicate -- indicated he gave the wrong card and he'd get a different card out of the vehicle. Uh, he then left the store. And at that point they noticed that the diamond was missing.
>
> Uh, they tried to locate the individual, but they could not. The other two jewelry thefts did have video surveillance leading to Mr. McClease here being developed as a suspect. He was arrest [sic] later on on [sic] August 19th, 2015. Uh, did give a statement; did admit to being responsible for the three thefts from the jewelry stores.
>
> A photo line-up shown to the people at Darold's Jewelers -- they did positively identify Mr. McClease as being the individual responsible. The $13,500 diamond, according to Mr. Darold Karmazin (phonetic) would have cost around 7 to $9,000 and a diamond dealer could've maybe purchased it for around $4,000.
>
> Mr. McClease indicated he had sold those to a fence up in Omaha and did not have possession of any of the items any more. Those events occurred in Lancaster County, Nebraska.

The district court found the factual basis to be sufficient and accepted McClease's plea as having been made freely, voluntarily, knowingly, and intelligently.

At the sentencing hearing on January 19, 2016, defense counsel asked the court to "consider applying the provisions of L.B. 605 in this case." Counsel argued that because the jeweler from Darold's Jewelry indicated that a diamond dealer could have purchased the diamond that McClease stole for $4,000, under the statutory amendments contained in L.B. 605, McClease committed a Class IV felony, and the applicable sentencing range was 0 to 2 years' imprisonment. Counsel urged the court to conclude that the relevant provisions of L.B. 605 became effective when the Governor approved the bill in May 2015, prior to McClease's offense.

The court declined to apply or consider the provisions of L.B. 605, concluding that the relevant provisions became operative on August 30, 2015, after the date of the offense. The court further noted that, even if L.B. 605 applied, the applicable sentencing range was 0 to 20 years' imprisonment, because the fair market value of the diamond was over $5,000, making the offense a Class IIA felony under the new law, not a Class IV felony.

Also at the sentencing hearing, McClease, who was 44 years old, made a statement in allocution in which he expressed remorse for his actions. He stated that he had committed the present offense and his past crimes due to drug addiction. He wished to gain control of his addiction and to become a "contributing, law-abiding citizen of [his] community." He explained that he had "finally found a calling," which was "to write," and stated he had secured a six-book deal with a publisher.

At the conclusion of the hearing, the court indicated it had reviewed the presentence investigation report (PSR). The court expressed appreciation for McClease's efforts to better his life and pursue a vocation of writing. However, the court found that McClease had committed the jewelry store theft in a manner that involved planning, effort, and preparation. The court further noted that it was not the first time McClease had committed this type of offense, noting that he was "right back at it" less than a year after completing his last "fairly lengthy" prison sentence. The court found that having regard for the nature and circumstances of the crime and the history, character, and condition of McClease, a term of imprisonment was necessary for the protection of the public. The court sentenced him to 10 to 15 years' imprisonment, with credit for 152 days' time served.

McClease timely appealed to this court.

## ASSIGNMENTS OF ERROR

McClease assigns, restated, that the district court (1) erred by not sentencing him under the provisions of L.B. 605, and (2) imposed an excessive sentence.

## STANDARD OF REVIEW

The meaning of a statute is a question of law which an appellate court resolves independently of the lower court's conclusion. *State v. Duncan*, 291 Neb. 1003, 870 N.W.2d 422 (2015).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013).

## ANALYSIS

*Applicability of L.B. 605*.

McClease offers two arguments for why the district court should have sentenced him in accordance with the statutory amendments contained in L.B. 605. First, he argues that under the doctrine announced in *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971) (the "*Randolph* doctrine"), the penalty provisions contained in the new legislation are applicable to him, because his case was still pending at the time the legislation took effect. Alternatively, he argues that L.B. 605 is ambiguous and that we should resolve the ambiguity in his favor by concluding that L.B. 605 took effect before he committed his offense. He concludes that by not following L.B. 605, the court "imposed an unlawful sentence . . . which exceeded the maximum penalty of 2 years for a Class IV felony." Brief for appellant at 12-13.

Before addressing McClease's arguments, we briefly summarize the state of the law at the time McClease committed his offense and the relevant provisions of L.B. 605. On August 19, 2015, when McClease committed the offense of theft by unlawful taking, § 28-518(1) (Cum. Supp. 2014) provided that theft constituted a Class III felony when the value of the thing involved was over $1,500. Also at that time, § 28-105(1) (Cum. Supp. 2014) provided that a Class III felony was punishable by 1 to 20 years' imprisonment or a $25,000 fine or both.

As amended by L.B. 605, § 28-518(1) (Supp. 2015) provides that theft constitutes a Class IIA felony when the value of the thing involved is $5,000 or more. If the value of the thing involved is $1,500 or more but less than $5,000, theft is a Class IV felony. § 28-518(2). Also as amended by L.B. 605, § 28-105(1) (Supp. 2015) provides that a Class IIA felony is punishable by 0 to 20 years' imprisonment, while a Class IV felony is punishable by 0 to 2 years' imprisonment (plus 9 to 12 months' post-release supervision if imprisonment is imposed) or a $10,000 fine or both.

Another provision of L.B. 605, codified at Neb. Rev. Stat. § 28-116 (Supp. 2015), provides that the amendments to certain statutory sections made by L.B. 605, including the amendments to § 28-105 and § 28-518, "shall not apply to any offense committed prior to August 30, 2015." Rather, "[a]ny such offense shall be construed and punished according to the provisions of law existing at the time the offense was committed." § 28-116. Likewise, § 28-105(7) (Supp. 2015) provides that "[t]he changes made to the penalties for Class III, IIIA, and IV felonies by laws 2015, LB605, do not apply to any offense committed prior to August 30, 2015, as provided in section 28-116." McClease acknowledges these statutory provisions but nevertheless makes arguments in an attempt to circumvent their plain language.

With this background in place, we now turn to McClease's first argument, which is that under the *Randolph* doctrine, the statutory amendments contained in L.B. 605 apply to him. In *State v. Randolph, supra*, the court held that where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise. Later cases deemed this "the '*Randolph* doctrine.'" See *State v. Duncan*, 291 Neb. 1003, 1007, 870 N.W.2d 422, 425 (2015).

In *State v. Aguallo*, 294 Neb. 177, ___ N.W.2d ___ (2016), the Nebraska Supreme Court recently addressed whether the reduced penalties for Class IIIA felonies contained in L.B. 605 applied to a sexual assault committed before August 30, 2015. Applying the *Randolph* doctrine, the court held that the plain language of §§ 28-105(7) and 28-116 made it clear that the Legislature did not intend the penalty reductions to Class IIIA felonies to apply retroactively to offenses committed prior to the effective date of L.B. 605. *State v. Aguallo, supra*. The same conclusion applies here. Accordingly, we reject McClease's argument that pursuant to the *Randolph* doctrine, the district court should have sentenced him in accordance with the provisions of L.B. 605. Because he committed his offense prior to August 30, 2015, McClease was properly sentenced under the pre-amendment statutes.

We also reject McClease's alternative argument that L.B. 605 contains ambiguous provisions concerning its effective date and that we should resolve the ambiguity in his favor by concluding that L.B. 605 took effect before he committed his offense. McClease relies upon the following language in § 28-105(1) (Supp. 2015): "For purposes of the Nebraska Criminal Code

and any statute passed by the Legislature after the date of passage of the code, felonies are divided into ten classes which are distinguished from one another by the following penalties which are authorized upon conviction: [The felony classifications and applicable punishments follow]." McClease contends that the "the date of passage of the code should be the date that the governor signed [L.B. 605], in particular, May 27, 2015." Brief for appellant at 17.

The phrase "date of passage of the code" in § 28-105(1) does not refer to the date that the Governor approved L.B. 605. Rather, it refers to the date of passage of the Nebraska Criminal Code. Nothing in § 28-105 references the effective date of L.B. 605, which § 28-116 unambiguously states is August 30, 2015. There is no ambiguity concerning the effective date of L.B. 605. See *State v. Weinacht*, 203 Neb. 124, 133, 277 N.W.2d 567, 572 (1979) (holding that language nearly identical to the language of § 28-116 regarding the effective date of a criminal statute was "clear, unequivocal, and not subject to interpretation").

*Excessive Sentence*.

McClease also assigns that the district court imposed an excessive sentence. He argues that "[g]iven the non-violent nature of his offense, the fact that his crime was a direct result of an untreated drug addiction, as well as his acceptance of responsibility, . . . the court abused its discretion by imposing a prison sentence of 10 to 15 years." Brief for appellant at 25. He further argues that the court "failed to consider" that had "this offense been committed less than two weeks later, he would have been facing a much shorter sentence." *Id*. at 24.

As stated, an appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion. *State v. McGuire*, 286 Neb. 494, 837 N.W.2d 767 (2013). Factors a judge should consider in imposing a sentence include the defendant's age, mentality, education, experience, and social and cultural background, as well as his or her past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime. *State v. Williams*, 282 Neb. 182, 802 N.W.2d 421 (2011).

We have determined that the applicable sentencing range for McClease's offense was provided in § 28-105(1) (Cum. Supp. 2014), which was 1 to 20 years' imprisonment or a $25,000 fine or both. McClease's sentence of 10 to 15 years' imprisonment fell within statutory limits. Therefore, we will not disturb the sentence absent an abuse of discretion.

The PSR received at sentencing revealed that McClease, who was 44 years old at the time of the hearing, had an extensive criminal history as an adult. His longest prior sentence was 6 to 8 years' imprisonment for theft of a Rolex watch valued at $27,500 from a jewelry store in Lincoln in April 2010. In a separate criminal case, McClease was sentenced in July 2010 to 8 months in jail and 12 months' probation for conspiracy to commit theft. In May 2012, he was sentenced to 1 year in prison for theft by receiving stolen property valued at over $1,500. In October 2013, he was sentenced to 1 to 2 years' imprisonment for escape based on his failure to return from work release. These recent convictions were in addition to a long list of convictions dating back to at least 1994 (the PSR lists charges dating to 1990 but the earlier charges were either dismissed or the dispositions are unknown).

The PSR indicated that McClease had dropped out of high school but had later received his GED. He had been unemployed since 2010 but had secured a book deal to write six books of

urban fiction. He was married in August 2014 and had a 20-year-old son from a prior relationship. He had a longstanding drug problem and reported that cocaine was his drug of choice, but he also used methamphetamine and other drugs. He was assessed as having a "very high risk to reoffend" using the Level of Service/Case Management Inventory.

In imposing the sentence it did, the district court appropriately considered the relevant factors. It acknowledged McClease's efforts to improve himself and to pursue writing as a career. However, it found that McClease's criminal history, including the fact that he committed the present offense less than one year after being released from prison, was a factor that weighed in favor of imposing a prison term. In addition, the court noted that McClease committed the present offense in a manner that involved planning, effort, and preparation, and that he had committed similar thefts in the past. The court imposed a sentence that was in the middle of the applicable statutory range. See *State v. Nevels*, 235 Neb. 39, 453 N.W.2d 579 (1990) (it is the minimum portion of an indeterminate sentence which measures its severity). Having considered the relevant factors, we find that the sentence is not excessive or an abuse of discretion.

We are also not persuaded by McClease's argument that the district court failed to consider that, had "this offense been committed less than two weeks later, he would have been facing a much shorter sentence." Brief for appellant at 24. As the district court noted, even if the statutory amendments contained in L.B. 605 applied to the present case, the factual basis suggested that the fair market value of the diamond that McClease stole was over $5,000, meaning that he could have been convicted of a Class IIA felony if L.B. 605 applied, not a Class IV felony as he contends. Regardless, the provisions of L.B. 605 were irrelevant to the court's sentencing decision. See § 28-116 (Supp. 2015) (an offense committed prior to August 30, 2015, "shall be construed and punished according to the provisions of law existing at the time the offense was committed").

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court for Lancaster County.

AFFIRMED.