Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/30/2016 08:09 AM CDT

State of Nebraska, appellee, v.
Eric Benavides, appellant.
___ N.W.2d ___

Filed September 30, 2016.    No. S-15-1053.

1. **Statutes.** Statutory interpretation presents a question of law.
2. **Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
3. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
4. **Criminal Law: Statutes: Legislature: Time.** Unless an exception applies, where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise.
5. **Statutes: Legislature: Intent: Appeal and Error.** A court gives statutory language its plain and ordinary meaning and will not look beyond the statute to determine legislative intent when the words are plain, direct, and unambiguous.
6. **Statutes: Legislature: Intent.** A court gives effect to the purpose and intent of the Legislature as ascertained from the entire language of a statute considered in its plain, ordinary, and popular sense.
7. ____: ____: ____. Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.
8. **Sentences: Statutes: Time: Probation and Parole.** The nonretroactive provision under Neb. Rev. Stat. § 28-105(7) (Supp. 2015) broadly applies to penalty changes created by 2015 Neb. Laws, L.B. 605, which changes include changes to a penalty of probation.

9. **Sentences: Statutes: Presumptions: Probation and Parole.** The presumption under Neb. Rev. Stat. § 29-2204.02 (Supp. 2015) in favor of probation for Class IV felony convictions unless an exception applies is a penalty change.

10. **Sentences: Statutes: Legislature: Intent: Probation and Parole.** The Legislature did not intend for the penalty changes under Neb. Rev. Stat. § 29-2204.02 (Supp. 2015) in favor of a sentence of probation for Class IV felony convictions to be retroactive.

11. **Sentences.** In imposing a sentence, a sentencing court is not limited to any mathematically applied set of factors. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts surrounding the defendant's life.

12. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.

Appeal from the District Court for Madison County: James G. Kube, Judge. Affirmed.

Chelsey R. Hartner, Chief Deputy Madison County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Funke, J.

## NATURE OF CASE

Eric Benavides appeals from the district court's order sentencing him for a Class IV felony conviction of domestic assault of a pregnant female. The assault occurred in June 2015. In August 2015, the Legislature's enactment of L.B. 605 became effective,[1] which bill changed many sentencing provisions. One of L.B. 605's provisions requires

---

[1] See 2015 Neb. Laws, L.B. 605.

courts to "impose a sentence of probation" for Class IV felony convictions unless an exception applies and the court states its reasoning; this requirement is codified as Neb. Rev. Stat. § 29-2204.02(2) (Supp. 2015).[2] In November 2015, the court sentenced Benavides to an indeterminate term of 12 to 18 months' incarceration. Benavides contends that the court erred in sentencing him to a term of incarceration, contrary to the requirements of § 29-2204.02 and general sentencing guidelines.

We granted the State's petition to bypass the Court of Appeals because Benavides' appeal presented an issue of first impression: whether the Legislature's sentencing changes for Class IV felonies are retroactive. We conclude that the issue is controlled by our recent decision in *State v. Aguallo*[3] and that the changes are not retroactive. We affirm.

## BACKGROUND

### Relevant Sentencing Changes
### Under L.B. 605

Section 29-2204.02 is a new statute created by L.B. 605.[4] In relevant part, § 29-2204.02 requires a sentence of probation for a defendant convicted of a Class IV felony unless an exception applies and the court states its reasoning on the record:

> (2) If the criminal offense is a Class IV felony, the court shall impose a sentence of probation unless:
>
> (a) The defendant is concurrently or consecutively sentenced to imprisonment for any felony other than another Class IV felony;
>
> (b) The defendant has been deemed a habitual criminal pursuant to section 29-2221; or

---

[2] See *id.*, § 61.

[3] *State v. Aguallo, ante* p. 177, 881 N.W.2d 918 (2016).

[4] See L.B. 605, § 61.

(c) There are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community . . . .

(3) If a sentence of probation is not imposed, the court shall state its reasoning on the record, advise the defendant of his or her right to appeal the sentence, and impose a sentence as provided in subsection (1) of this section.

But L.B. 605 also created a new subsection in Neb. Rev. Stat. § 28-105 (Supp. 2015): "(7) The changes made to the penalties for Class III, IIIA, and IV felonies by Laws 2015, LB605, do not apply to any offense committed prior to August 30, 2015, as provided in section 28-116."[5]

The newly created Neb. Rev. Stat. § 28-116 (Supp. 2015), in turn, clarifies that if a defendant committed any element of an offense before August 30, 2015, the penalty changes under L.B. 605 shall not be retroactive:

The changes made to the sections listed in this section by Laws 2015, LB 605, shall not apply to any offense committed prior to August 30, 2015. Any such offense shall be construed and punished according to the provisions of law existing at the time the offense was committed. For purposes of this section, an offense shall be deemed to have been committed prior to August 30, 2015, if any element of the offense occurred prior to such date. The following sections are subject to this provision . . . .

Section 28-116 lists more than 60 statutes that are explicitly subject to the nonretroactive provision.

### Procedural History

The State charged Benavides for a Class IV felony domestic assault. The felony charge rested on his knowledge of his girlfriend's pregnancy when he assaulted her.[6] The State

---

[5] L.B. 605, § 6.

[6] See § 28-105 (Cum. Supp. 2014) and Neb. Rev. Stat. §§ 28-115 and 28-323(4) (Cum. Supp. 2014).

dismissed two other charges under a plea agreement, and Benavides pleaded guilty to the felony assault charge.

At the sentencing hearing, Benavides argued that he was a good candidate for probation. Alternatively, he argued that even though he committed the assault before L.B. 605 took effect, the court should retroactively apply the penalty changes related to a sentence of probation. From the bench, the court disagreed with his statutory interpretation and determined that the changes were not retroactive.

## Court's Order

In its written order, the court stated that Benavides was not a good candidate for probation and that a sentence of less than incarceration would depreciate the seriousness of his conduct. It found that Benavides needed correctional treatment and would present a substantial risk of reoffense on probation. Accordingly, it sentenced him to an indeterminate term of 12 to 18 months' incarceration, with credit for the 33 days he had already served.

## ASSIGNMENTS OF ERROR

Benavides assigns that the court erred in failing to apply § 29-2204.02 in sentencing him and in sentencing him to a term of incarceration instead of probation.

## STANDARD OF REVIEW

[1,2] Statutory interpretation presents a question of law.[7] An appellate court independently reviews questions of law decided by a lower court.[8]

[3] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[9]

---

[7] See *Aguallo, supra* note 3.

[8] *In re Interest of Alan L., ante* p. 261, 882 N.W.2d 682 (2016).

[9] *State v. Carpenter*, 293 Neb. 860, 880 N.W.2d 630 (2016).

## ANALYSIS

### COURT WAS NOT REQUIRED TO
### GIVE RETROACTIVE EFFECT
### TO § 29-2204.02

[4] Benavides contends that under the sentencing doctrine set out in *State v. Randolph*,[10] the court erred in failing to apply the new penalty provisions under § 29-2204.02 for Class IV felonies. Unless an exception applies,[11] *Randolph* holds that "where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise."[12] Benavides argues that the nonretroactive language in § 28-105(7) (Supp. 2015) is limited to the "ranges of imprisonment and post release supervision" for Class III, IIIA, and IV felonies that were committed before August 30, 2015.[13] He argues that § 28-105(7) has no application to probation statutes amended by L.B. 605. Because the nonretroactive provision is absent from § 29-2204.02, he argues that it applies to crimes committed before its effective date. The State contends that *Randolph* does not apply because in § 28-105(7), the Legislature clearly stated that the sentencing changes under L.B. 605 are not retroactive.

[5-7] A court gives statutory language its plain and ordinary meaning and will not look beyond the statute to determine legislative intent when the words are plain, direct, and unambiguous.[14] We give effect to the purpose and intent of the Legislature as ascertained from the entire language of the

---

[10] See *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971).

[11] See *State v. Duncan*, 291 Neb. 1003, 870 N.W.2d 422 (2015).

[12] *Randolph, supra* note 10, 186 Neb. at 302, 183 N.W.2d at 228. Accord *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144 (1999) (citing cases).

[13] Reply brief for appellant at 5.

[14] *State v. Goynes*, 293 Neb. 288, 876 N.W.2d 912 (2016).

statute considered in its plain, ordinary, and popular sense.[15] Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.[16]

Benavides' argument is contrary to the plain language of § 28-105(7), which states, "The *changes made to the penalties* for Class III, IIIA, and IV felonies by Laws 2015, LB605, do not apply to any offense committed prior to August 30, 2015, as provided in section 28-116." (Emphasis supplied.)

[8,9] A sentence of probation is one possible penalty for a criminal conviction (unless a defendant is ineligible for probation).[17] The nonretroactive provision under § 28-105(7) broadly applies to penalty changes created by L.B. 605 for Class III, IIIA, and IV felonies, which changes include changes to a penalty of probation. The changes imposed by § 29-2204.02 curtail a court's sentencing discretion by requiring a court to impose a sentence of probation for Class IV felony convictions unless an exception applies. Because the Legislature clearly intended to affect the type of penalty a court could impose, we conclude that the presumption in favor of probation is a penalty change. Notably, Benavides specifically argues that § 29-2204.02 directs a court how to sentence a defendant for a Class IV felony conviction. We conclude that there is no merit to his contention that § 28-105(7) does not apply to the penalty change in favor of probation.

Moreover, we recently decided a similar issue in *Aguallo*.[18] There, the defendant pleaded guilty to third degree sexual

---

[15] See *id.*

[16] See *Aguallo, supra* note 3.

[17] See, § 28-105(4) (Cum. Supp. 2014); § 29-2204.02; Neb. Rev. Stat. § 29-2262 (Cum. Supp. 2014).

[18] See *Aguallo, supra* note 3.

assault of a child, a Class IIIA felony. The defendant committed the offense before August 30, 2015, and the court sentenced him after the effective date. The maximum penalty of imprisonment was 5 years before L.B. 605 and 3 years afterward. The trial court concluded that the reduced penalty was not retroactive.

On appeal, we rejected the defendant's argument that the reduced penalty for a Class IIIA felony conviction was retroactive. We recognized that in setting out a nonretroactive restriction in § 28-105(7), the Legislature referred to § 28-116. As explained, § 28-116 clarifies that the nonretroactive restriction for offenses committed before August 30, 2015, applies if any element of the offense was committed before that date and lists statutes that are subject to the restriction. But we rejected the defendant's argument that because the statute proscribing his conduct was not listed in § 28-116, the sentencing change for his Class IIIA offense was retroactive. We concluded that the offense statute was not listed in § 28-116 because L.B. 605 did not substantively change the offense:

> L.B. 605 did not make any changes to the classification or the elements of that crime. L.B. 605 did, however, make changes to the penalties for all Class IIIA felonies, and § 28-320.01 is a Class IIIA felony. It is clear from the plain language of §§ 28-105(7) and 28-116 that the Legislature did not intend the penalty reductions to Class IIIA felonies to apply retroactively to offenses committed prior to the effective date of L.B. 605. It is thus immaterial that the offense [the defendant] committed is not among those listed in § 28-116, and his argument to the contrary is without merit.[19]

[10] Although Benavides' argument is somewhat different, we reasoned in *Aguallo* that nonretroactive provisions in §§ 28-105(7) and 28-116 applied to the penalty changes for Class IIIA felonies regardless of whether the Class IIIA

---

[19] *Id.* at 183, 881 N.W.2d at 923.

offense was one of the statutes listed in § 28-116. The same provisions prohibit retroactive application of the changed penalties for Class IV felonies if any element of the offense was committed before August 30, 2015. So our reasoning in *Aguallo* applies here. We conclude that the Legislature did not intend for the penalty changes under § 29-2204.02 in favor of a sentence of probation for Class IV felony convictions to be retroactive. Accordingly, the court did not err in failing to consider them.

## Court Did Not Abuse Its
## Sentencing Discretion

Benavides contends that the court abused its discretion under Neb. Rev. Stat. § 29-2260(2) (Supp. 2015) in imposing a sentence of incarceration instead of probation. Section 29-2260(2) sets out the Legislature's sentencing guidelines for misdemeanor and felony offenses that do not require a mandatory or mandatory minimum sentence of imprisonment. Benavides argues that (1) he was only 19 years old when he committed this crime, (2) he had a limited criminal history, (3) the fetus was not harmed, and (4) he was working to support his family and to address his addiction issues. He also relies on § 29-2204.02's requirement that a court impose a sentence of probation for a Class IV felony unless there are compelling factors weighing against probation. As explained, however, § 29-2204.02 did not apply to the court's sentencing discretion here.

[11,12] In imposing a sentence, a sentencing court is not limited to any mathematically applied set of factors.[20] The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts surrounding the defendant's life.[21] We will not disturb a sentence

---

[20] *State v. Sikes*, 286 Neb. 38, 834 N.W.2d 609 (2013).

[21] *Id.*

imposed within the statutory limits absent an abuse of discretion by the trial court.[22]

The State correctly argues that because Benavides' offense occurred before the effective date of L.B. 605, § 28-105 (Cum. Supp. 2014) governed the statutory limits for the court's sentence. For Class IV felonies under the pre-2015 version of § 28-105, a court could order a term of imprisonment of up to 5 years, a $5,000 fine, or both. The State argues that the court did not abuse its discretion because Benavides had previously failed at probation, had some criminal history, and committed a violent offense.

At the sentencing hearing, the court stated that it was glad to hear Benavides was seeking addiction treatment and trying to be involved in his child's life. It encouraged him to continue to be supportive of his child.

However, the factual basis indicated that Benavides assaulted his girlfriend by throwing her on a bed and holding her down with his hand over her face, all of which caused her pain. According to his girlfriend's written statement, she was almost 6 months pregnant when the assault occurred. Because his offense involved assaultive behavior toward a pregnant woman that put both her and the fetus at risk, the court believed that a sentence of probation would send the wrong message, depreciate the seriousness of his offense, and promote disrespect for the law.

We conclude that there is no merit to Benavides' contention that the court abused its sentencing discretion.

## CONCLUSION

We conclude that the court was not required to retroactively apply the sentencing requirements under § 29-2204.02. Nor did it abuse its discretion in imposing a sentence of incarceration instead of probation.

AFFIRMED.

---

[22] *Id.*