IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. MORA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

RAFAEL GERMAN MORA, APPELLANT.

Filed July 18, 2017.    No. A-16-1154.

Appeal from the District Court for Lancaster County: JEFFRE CHEUVRONT, Judge, Retired.
Affirmed.

Robert W. Kortus, of Nebraska Commission on Public Advocacy, for appellant.

Douglas J. Peterson, Attorney General, and Sara E. Marfisi for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

### I. INTRODUCTION

Rafael German Mora appeals his plea-based conviction for first degree sexual assault of a child, a Class IB Felony.

### II. BACKGROUND

On November 25, 2015, Mora was charged by information with two criminal counts. Count I alleged first degree sexual assault of a child in violation of Neb. Rev. Stat. § 28-319.01(2) (Cum. Supp. 2014), a Class 1B Felony. Count II alleged third degree sexual assault of a child in violation of Neb. Rev. Stat. § 28-320.01(3) (Cum. Supp. 2014), a Class 3A Felony.

At a hearing on December 2, 2015, the prosecutor advised that Count I carried a possible penalty of a mandatory minimum 15 years' imprisonment and a maximum of life imprisonment,

as well as lifetime community supervision by the Office of Parole Administration. Mora indicated, with the assistance of an interpreter, that he understood the nature of the charge and the possible penalties. The prosecutor also advised Mora of the charge and possible penalties of Count II, and Mora indicated that he understood.

The State filed an amended information on April 19, 2016, adding an additional charge of first degree sexual assault of a child. Mora was arraigned on the three charges in the amended information on June 9, 2016 in the district court for Lancaster County. The prosecutor advised Mora that the penalty for sexual assault of a child in the first degree is a mandatory minimum of 15 years' imprisonment and a maximum of life imprisonment. He was also advised regarding lifetime community supervision and the requirement to register under the Nebraska Sex Offender Registration Act. Mora indicated that he understood the nature of the charges against him, and the possible penalties.

On October 3, 2016, Mora entered a plea of no contest to one count of first degree sexual assault of a child. In exchange for his plea, the prosecutor indicated that the State would dismiss Counts II and III.

The State provided a factual basis for the charge. The State alleged that on September 20, 2015, B.C., a 10-year-old girl, reported to police that she had been sexually assaulted by Mora. The victim disclosed that she had been sexually abused on at least three prior occasions. The State alleged that an assault occurred at a residence in Lincoln approximately one week before July 4, 2015. The family was camping and B.C. accompanied Mora to purchase some items and serve as his interpreter. Mora took B.C. to a residence in Lincoln and she was subjected to penile/vaginal intercourse.

B.C. reported that Mora subjected her to penile/vaginal intercourse on another occasion, prior to September 19, 2015, in the same residence in Lincoln. B.C.'s mother went with Mora's significant other, Maricela S., and her baby to a well-baby check and B.C. was left alone with Mora. Maricela reported that on September 19, 2015, she observed Mora kissing the victim on the lips and rubbing her vagina with his hand.

Mora was interviewed by law enforcement and read his rights in Spanish. He waived his rights and admitted to touching B.C. three times, saying it all occurred at his house. When asked how many times he had relations with B.C., he said "Only about two times at my house." When asked whether he had sex with B.C., he said "Yes, she wanted to." Mora confirmed that he had sex with B.C. when Maricela took the baby for a well-baby check. He was asked if he ejaculated inside of B.C., and he said "No, no, no. Outside. Nothing Inside." He said he ejaculated into toilet paper and threw it away.

Pursuant to the plea agreement, the State moved to dismiss counts II and III of the amended information, and the court granted the State's motion. The court found there was a sufficient factual basis to accept the plea of no contest to Count I of the amended information. The court found Mora fully understood his rights and freely, voluntarily, and knowingly waived them. The court also found that his plea was made freely, voluntarily, knowingly, and intelligently, and the court accepted Mora's plea.

On November 17, 2016, Mora was sentenced to 25 to 70 years' imprisonment, and was given credit for 435 days served. The sentence included a 15-year mandatory minimum. Mora was

ordered to register as a sex offender, and is subject to lifetime community supervision by the Office of Parole Administration.

Mora timely appealed.

## III. ASSIGNMENTS OF ERROR

Mora asserts the district court abused its discretion by imposing an excessive sentence. He asserts the amended information was not modified to reflect the plea agreement reached by the parties and the State, and the district court and his defense counsel erred in failing to address this omission. He also raises issues of ineffective assistance of counsel, and possible prosecutorial misconduct, but asserts these issues will require an evidentiary hearing.

## IV. STANDARD OF REVIEW

An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). However, an appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *Id.*

An appellate court reviews criminal sentences for abuse of discretion, which occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Collins*, 292 Neb. 602, 873 N.W.2d 657 (2016).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Abejide*, 293 Neb. 687, 879 N.W.2d 684 (2016).

Whether a claim of ineffective assistance of trial counsel raised on direct appeal may be determined on direct appeal is a question of law. *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016). In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only questions of law: Are the undisputed facts contained within the record sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance? *Id.*

## V. ANALYSIS

### 1. ADVISEMENT OF PENALTIES

In order to support a finding that a plea of guilty or no contest has been entered freely, intelligently, voluntarily, and understandingly, among other requirements, the record must establish that the defendant knew the range of penalties for the crime with which he or she is charged. *State v. Russell*, 291 Neb. 33, 863 N.W.2 813 (2015).

In arguing that his trial counsel was ineffective, Mora asserts that the decision to enter the plea of no contest was not made voluntarily, knowingly or intelligently. He argues that the possible penalties he faced were not explained in a way which he was capable of understanding, by either trial counsel or the court. Brief for Appellant at 13-14. He does not specifically allege that the court erred in accepting his plea. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v.*

*Chacon, supra.* Therefore, we would not ordinarily address the issue of court error with regard to the voluntariness of the plea.

However, an appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *Id.* Therefore we review for plain error Mora's assertion that he was confused regarding an apparent conflict between the possible penalties which could be imposed pursuant to Neb. Rev. Stat. § 28-105(1) and § 29-319.01(2).

Mora was convicted of first degree sexual assault of a child pursuant to Neb. Rev. Stat. § 28-319.01 (Reissue 2016), a Class IB felony. A Class IB felony is ordinarily punishable by a term of no less than 20 years or more than life imprisonment. Neb. Rev. Stat. § 28-105(1)(Cum. Supp. 2014). However, sexual assault of a child in the first degree carries a mandatory minimum of 15 years in prison. Neb. Rev. Stat. § 28-319.01(2) (Reissue 2016).

In *State v. Russell, supra*, the Nebraska Supreme Court "explicitly" held that "the range of penalties for sexual assault of a child in the first degree, first offense, under § 28-319.01(2) is 15 years' to life imprisonment." *Id.* The court clarified that because the lower limit is a mandatory minimum, probation is not an authorized sentence for the offense and no good time is accrued until the full mandatory minimum term has been served. *Id.*

The record in this case shows that the prosecution correctly informed Mora of the appropriate penalty for sexual assault of a child in the first degree at the hearings on December 2, 2015 and June 9, 2016. However, when Mora entered his plea of no contest on October 3, 2016, he was informed that the possible penalty for the crime of sexual assault of a child in the first degree is a Class IB felony, punishable by "not less than 20 years up to life in prison, and 15 years of the minimum sentence are mandatory."

In *State v. Russell*, the Nebraska Supreme Court considered a similar issue and held that a court's failure to advise a defendant of the correct statutory minimum and maximum penalties does not automatically warrant reversal. *Id.* In previous cases, Nebraska appellate courts have found no prejudice in cases where a defendant was advised of a lower maximum penalty than that mandated by statute. *Id.* See *State v. Jipp*, 214 Neb. 577, 334 N.W.2d 805 (1983). Similarly, the court found that Russell suffered no prejudice when he was advised of a higher minimum penalty than that mandated by statute. The court stated "it is inconceivable that Russell would plead no contest after being advised of a 20-year minimum sentence but would not have entered such a plea if he were properly informed that the minimum sentence was 15 years." *State v. Russell*, 291 Neb. at 42, 863 N.W.2d at 820-21.

In this case, Mora was correctly advised that if he were convicted, he would not be eligible for parole or good time reductions until he had served 15 years. Mora was invited to ask questions and to ask for clarification if there were any issues with regard to translation, and he did not do so. It may be true that Mora was confused whether the actual minimum possible sentence was 15 or 20 years, but he was aware that he would be required to serve at least 15 before accruing any good time reductions. Thus, the notion that he would not have pled no contest but for the erroneous advisement regarding the minimum penalty strains credulity. We find Mora was not prejudiced and the erroneous advisement does not necessitate reversal.

## 2. EXCESSIVE SENTENCE

On appeal, Mora assigns that his sentence was excessive. As previously discussed, sexual assault carries a mandatory minimum of 15 years' imprisonment and a maximum of life imprisonment. Neb. Rev. Stat. § 28-319.01(2) (Reissue 2016). The penalty also includes lifetime community supervision by the Office of Parole Administration, pursuant to Neb. Rev. Stat. § 83-174.03(1)(b). Mora was sentenced to 25 to 70 years' imprisonment. As such his sentence was within the statutory limits.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, an appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Collins, supra.* An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

In imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.*

Mora argues that the district court did not adequately consider his age, history of law-abiding conduct, immigration status, or the greater opportunity to seek treatment for sex-offenders outside of the confines of prison. Brief for Appellant at 10.

At sentencing, Mora asked the court to consider each of these factors, including the conclusion contained within the presentence investigation report, which stated that Mora was at a low risk to reoffend. The State asked the court to consider the relative ages of Mora and the victim, B.C., as well as Mora's lack of remorse or responsibility for his actions and lack of consideration for B.C. and the impact that his actions will have on her life. The State requested that the court consider the danger to children of Nebraska, or to the children in any community if he were to reoffend.

A review of the sentencing hearing shows that the district court appropriately considered the relevant factors in determining the sentence to be imposed. Additionally, in exchange for his plea, Mora had other charges dismissed. See, *State v. Nevels*, 235 Neb. 39, 453 N.W.2d 579 (1990) (it is minimum portion of indeterminate sentence which measures its severity); *State v. Meehan*, 7 Neb. App. 639, 585 N.W.2d 459 (1998) (sentencing court in noncapital cases may consider defendant's nonadjudicated misconduct in determining appropriate sentence). The record demonstrates that the district court reviewed the presentence investigation report and gave Mora credit for not requiring the child victim to participate in a trial.

Having considered the relevant factors in this case, we find that Mora's sentence is not excessive or an abuse of discretion and is therefore affirmed.

## 3. DISMISSAL OF CHARGES II AND III

Mora argues that the amended information was not modified to reflect the terms of the plea agreement and the State, district court, and defense counsel erred in failing to address the formal dismissal of Counts II and III.

At the hearing on October 3, 2016, the State indicated that in exchange for a plea of guilty or no contest to Count I of the amended information, the State would dismiss Counts II and III. At the conclusion of the hearing, following Mora's plea of no contest, the State moved to dismiss Counts II and III and the court indicated that "Counts II and III will be dismissed." The judge's notes for the October 3 hearing state "On Motion of the State, Cts II & III are dismissed." Upon our review, we find Counts II and III were adequately addressed by the court and counsel, and this assignment of error is without merit.

## 4. EFFECTIVENESS OF COUNSEL

Mora is represented in this direct appeal by different counsel than the counsel who represented him at the trial level. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise the issue will be procedurally barred. *State v. Casares, supra.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the defendant must show that counsel's performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Ortega*, 290 Neb. 172, 859 N.W.2d 305 (2015).

A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. Casares, supra*. The determining factor is whether the record is sufficient to adequately review the question. *Id.* When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id.* Generally allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id.*

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *Id.* An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id.* See, also, *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014).

Mora raises multiple allegations of ineffective assistance of counsel in this appeal, but asserts that these claims cannot be addressed on direct appeal. We address each assignment in turn.

### (a) Voluntariness of Plea

Mora asserts the decision to enter a plea of no contest was not made voluntarily, knowingly, or intelligently and that the possible sentences were not explained in a way that he was capable of comprehending, by either trial counsel or the court. Mora was informed that, if convicted, there was a mandatory minimum sentence of 15 years, and that the crime was punishable by not less

than 20 years' imprisonment, up to life imprisonment. As previously discussed, the court's error in advising him regarding the possible minimum penalty of his plea was not prejudicial and does not necessitate reversal. Therefore, to the extent that Mora asserts his counsel was ineffective for failure explain the possible range of penalties, we find no prejudice. This assignment of error is without merit.

(b) Failure to File Motion to Suppress

Mora asserts his counsel was ineffective for failing to move to suppress the statements he made to law enforcement on the grounds that he was confused or misled by the interpreter. He asserts that but for counsel's deficient performance, the statement would have been suppressed, and this would have affected his desire to proceed to trial. Brief for Appellant at 14.

Mora's counsel filed a motion to suppress statements, admissions and/or confessions made to law enforcement officers on September 19 and 20, 2015. At a hearing on Mora's motion the interviewing and interpreting officers testified that Mora followed the questions he was asked, the interpreter understood Mora's answers, and Mora did not indicate that he did not understand the police officers' questions. The officers testified that Mora was read his rights in Spanish and he indicated that he understood the voluntary waiver of those rights. Mora cross-examined the interpreting officer regarding his level of familiarity with the Spanish language and his departmental language certification to speak Spanish in the work place. Ultimately the court found that Mora's statements were made "freely, voluntarily and intelligently" and "without mental confusion and with mental appreciation of what was said." His motion to suppress was dismissed.

We find the record refutes Mora's assertion that his statements would have been suppressed if his trial counsel had specifically alleged that he was confused or misled by the interpretation provided by the law enforcement officer who assisted in his interrogation. Where the record refutes a claim of ineffective assistance of counsel, no recovery may be had. See *State v. Liner, supra.* We find the record is sufficient to address this assignment of ineffective assistance of counsel, and we find that it is without merit.

(c) Failure to Provide Discovery

An ineffective assistance of counsel claim is raised on direct appeal when allegations of deficient performance are made with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. *State v. Ash*, 293 Neb. 583, 878 N.W.2d 569 (2016). A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. *State v. Abdullah*, 289 Neb. 123, 853 N.W.2d 858 (2014).

Mora asserts his trial counsel failed to provide him with sufficient discovery to evaluate the strength of the State's case, so he was not in a position to make a voluntary, knowing, and intelligent waiver of his rights. He asserts that "had such materials been provided," he would have "elected not to plead no contest and taken the three charges in the Amended Information to trial." Brief for Appellant 14. The record does not show and Mora does not identify what information

was or was not shared with him or how that information would have affected his decision to enter his plea. This assignment of error is not sufficiently specific and we therefore conclude it is not properly raised in this direct appeal.

### (d) Failure to Withdraw Plea

Mora asserts his trial counsel rendered deficient performance by failing to seek to withdraw the plea because he "unequivocally and consistently maintained his innocence with trial counsel through the entirety of the lower court proceedings." Brief for Appellant at 13. He asserts that he expressly demanded that defense counsel withdraw his plea of no contest. The record is insufficient for this court to consider this allegation of ineffective assistance of counsel on direct appeal.

### VI. CONCLUSION

For the reasons stated above, we affirm Mora's sentence. We find the court erred in advising Mora of the possible penalties of his plea, but he was not prejudiced by the court's error. We find trial counsel's failure to address the court's error was not prejudicial to Mora and counsel was not deficient for failing to make a specific motion to suppress Mora's statements on grounds that Mora was confused or misled by the interpretation provided by law enforcement. Mora's assignment of ineffective assistance with regard to discovery materials was not sufficiently alleged and the record is insufficient to adequately review the effectiveness of his trial counsel with regard to the withdrawal of his plea.

AFFIRMED.