Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/23/2017 09:14 AM CDT

State of Nebraska, appellee, v.
Jesus A. Chacon, appellant.
___ N.W.2d ___

Filed March 31, 2017.    Nos. S-16-419, S-16-425.

1. **Sentences: Appeal and Error.** Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed.

2. **Sentences.** When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. The sentencing court is not limited to any mathematically applied set of factors.

3. ____. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

4. **Appeal and Error.** An appellate court always reserves the right to note plain error which was not complained of at trial or on appeal.

5. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination.

6. ____: ____. Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous.

7. **Statutes.** It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the

province of a court to read anything plain, direct, or unambiguous out of a statute.

8. **Statutes: Legislature: Intent.** In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.

9. ____: ____: ____. Components of a series or collection of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible.

10. **Criminal Law: Statutes: Legislature: Sentences.** Generally, when the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature specifically provided otherwise.

11. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

Appeals from the District Court for Hall County: John P. Icenogle, Judge. Judgment in No. S-16-419 affirmed. Judgment in No. S-16-425 affirmed in part and in part vacated, and cause remanded with directions.

Matthew A. Works, Deputy Hall County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Sarah E. Marfisi for appellee.

Heavican, C.J., Wright, Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Kelch, J.

## INTRODUCTION

In these consolidated appeals, Jesus A. Chacon challenges his sentences for his convictions of two counts of possession of a controlled substance and one count of driving under the influence. In both cases, Chacon assigns that his sentences

were excessive. We affirm Chacon's sentence for possession of a controlled substance in case No. S-16-419 and his sentence for driving under the influence in case No. S-16-425. However, based on our analysis of 2015 Neb. Laws, L.B. 605, and 2016 Neb. Laws, L.B. 1094, we vacate Chacon's sentence for possession of a controlled substance in case No. S-16-425 and remand the cause for resentencing in accordance with this opinion.

## BACKGROUND

In case No. S-16-419, the State brought criminal charges against Chacon as a result of events that occurred on July 16, 2015. The State's information charged that on July 16, Chacon (1) criminally impersonated another person and (2) possessed a controlled substance, methamphetamine.

Case No. S-16-425 arises from events that occurred on December 28, 2015. The State's information alleged that on that date, Chacon unlawfully (l) possessed a controlled substance, methamphetamine; (2) tampered with physical evidence; (3) operated a motor vehicle while under the influence, second offense; and (4) operated a motor vehicle during a period of revocation, second offense.

On January 29, 2016, pursuant to a plea agreement encompassing both cases Nos. S-16-419 and S-16-425, and a third case not at issue on this appeal, Chacon pled no contest to the two Class IV felony charges of possession of a controlled substance and the single Class W misdemeanor charge of driving under the influence, second offense. In return for Chacon's pleas, the State agreed to dismiss all other charges and to recommend concurrent sentences for all convictions resulting from the two cases now on appeal.

According to the factual basis provided by the State, on July 16, 2015, law enforcement officers in Hall County, Nebraska, made contact with Chacon at a residence regarding loud music. When officers arrived, Chacon was at his vehicle. Chacon initially identified himself with a false name, but after a search

of the false name returned warrants and prompted officers to place Chacon under arrest, he admitted that his name was "Jesus Chacon" and that the initial name he had given was inaccurate. An officer observed a baggie in the front seat of Chacon's vehicle containing a white crystal-like substance which the officer believed to be methamphetamine. A search of Chacon's correct name showed multiple warrants, and he was arrested and transported to Hall County jail. Subsequent testing of the crystal-like substance returned a positive result for methamphetamine, weighing 2.3 grams.

On December 28, 2015, officers in Hall County observed a vehicle fail to yield and then execute two turns without signaling. Officers initiated a traffic stop and made contact with Chacon, who was driving the vehicle. A license check revealed that Chacon's license was suspended. Officers observed that Chacon had bloodshot eyes and "rancid" breath; and Chacon was grinding his teeth and had rigid muscle tone, indicative of a person under the influence of a stimulant drug. Officers further observed a plastic baggie between the front passenger door and the passenger seat.

Chacon performed poorly on field sobriety tests. A preliminary breath test showed no alcohol content in his breath. Officers arrested Chacon and transported him to Hall County jail, where he was determined to be under the influence of a drug. A search of Chacon's vehicle revealed methamphetamine. Officers also searched Chacon's person and discovered a coin-sized Ziploc bag containing methamphetamine in his pocket.

The district court accepted Chacon's pleas of no contest to possession of a controlled substance in cases Nos. S-16-419 and S-16-425 and his plea of no contest to driving under the influence in case No. S-16-425. Regarding enhancement, the parties stipulated that the driving under the influence offense was a second offense and that Chacon had previously been convicted of driving under the influence in Dawson County, Nebraska, on June 19, 2014. The district court enhanced the

penalty to driving under the influence, second offense, and then found Chacon guilty of all three charges. The district court ordered a presentence investigation and scheduled sentencing for March 30, 2016.

Chacon was 45 years old at the time of the presentence investigation. He had graduated from high school and had worked in the construction and meatpacking industries, but had been unemployed since 2014. According to the presentence investigation, Chacon was divorced, with one child, age 16, residing with her mother in Arizona. Chacon reported that his closest companions served as positive supporters in his life and did not have issues with substance abuse or prior arrests.

The presentence investigation revealed that Chacon has a long criminal history beginning in 1992, with charges filed in at least 18 prior incidents. Chacon's criminal history includes three convictions related to theft, three previous convictions for driving under the influence, and four previous convictions for driving under suspension and/or revocation or without an operator's license. Further, at the time of the presentence investigation, Chacon had an open charge for second degree assault, a Class IV felony offense, in Dawson County. The presentence investigation noted that although the criminal impersonation charge was dismissed in this case pursuant to the plea deal, Chacon's record shows several aliases.

Chacon had previously been sentenced to probation at least four times, but he reoffended during at least three of those terms, in 1992 and 2015. Chacon was court-ordered to complete a drug assessment in 2014 but did not attend that appointment. The presentence investigation rated him as an overall high risk for recidivism, with high risk in the categories of criminal history and procriminal attitude, and very high risk in the category of drug and/or alcohol abuse.

The presentence investigation also described significant mental health issues. Chacon experienced suicidal ideation

in 2007 when his marriage ended and again in 2014 when his girlfriend ended their relationship. During these periods, Chacon used cocaine or methamphetamine "to cope." The presentence investigation reflects that Chacon had been hospitalized and committed due to his mental health issues, but he refused to engage in the treatment process and did not connect his mental health issues with his drug use. At the time of the presentence investigation, Chacon was taking antidepressant medication. Chacon reported that he would participate in any recommended treatment for substance abuse. The presentence investigation anticipated that Chacon's inability to speak English could hinder his recovery.

On March 30, 2016, the district court conducted a sentencing hearing for both cases. The record demonstrates that in imposing its sentences, the district court heard evidence regarding Chacon's history and character, as well as the nature and circumstances of each crime. The district court found that a sentence of probation would be unsuitable for protecting the public, because Chacon had a history of failed probationary sentences and would be best served by a treatment program facilitated by a correctional institution.

In case No. S-16-419, the case arising from the July 16, 2015, possession offense, the district court sentenced Chacon to a period of incarceration with the Department of Correctional Services for 20 months to 5 years.

In case No. S-16-425, the case arising from the December 28, 2015, offenses, the district court sentenced Chacon to 2 years' imprisonment with 12 months of postrelease supervision for possession of a controlled substance. For driving under the influence, the district court sentenced Chacon to 6 months' incarceration, fined him $500, and suspended his driving privileges for 18 months. Chacon was given credit for 135 days of time served against his sentences in case No. S-16-425.

The district court sentenced Chacon concurrently on all three convictions.

Chacon now appeals his sentences in cases Nos. S-16-419 and S-16-425. We granted the State's motion to consolidate the appeals.

## ASSIGNMENT OF ERROR

In both cases, Chacon assigns that the district court imposed excessive sentences.

## ANALYSIS

### Possession of Controlled Substance in Case No. S-16-419: No Abuse of Discretion

In case No. S-16-419, Chacon assigns and argues that the district court imposed an excessive sentence for possession of a controlled substance. However, he concedes, and we agree, that his sentence on that charge falls within the statutory limits. The criminal activity underlying case No. S-16-419 occurred in July 2015. As a result, Chacon pled no contest to possession of a controlled substance, a Class IV felony, in violation of Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2014). For acts committed prior to August 30, 2015, a Class IV felony is punishable by up to 5 years' imprisonment, a $10,000 fine, or both. See Neb. Rev. Stat. § 28-105(1) (Cum. Supp. 2014) and § 28-105(7) (Supp. 2015). See, also, *State v. Aguallo*, 294 Neb. 177, 881 N.W.2d 918 (2016) (changes made to penalties for Class IV felonies by L.B. 605 do not apply to any offense committed prior to August 30, 2015). Accordingly, Chacon's sentence of 20 months' to 5 years' incarceration falls within the statutory limits.

[1-3] Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Oldson*, 293 Neb. 718, 884 N.W.2d 10 (2016). When imposing a sentence, the sentencing judge

should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id.* The sentencing court is not limited to any mathematically applied set of factors. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

The record demonstrates that the district court sufficiently considered Chacon's background and the aforementioned factors in imposing Chacon's sentence in case No. S-16-419. At the sentencing hearing, the district court noted that a sentence of probation would not adequately protect the public in light of Chacon's past history of failing to comply with probation and his need for inpatient substance abuse treatment. Further, the district court ordered Chacon's presentence investigation, which reveals a criminal history spanning decades and details a failure to succeed on probation or take advantage of treatment opportunities.

Given these considerations, the district court properly exercised its discretion in imposing Chacon's sentence for possession of a controlled substance in case No. S-16-419. See *State v. Oldson, supra*.

### POSSESSION OF CONTROLLED SUBSTANCE IN CASE NO. S-16-425: PLAIN ERROR

Chacon assigns and argues that the district court imposed an excessive sentence for possession of a controlled substance in case No. S-16-425. He acknowledges that the sentence imposed was within the statutory limits in effect at that time, but he asserts that the district court nonetheless abused its discretion because, under the factors to be considered in

sentencing, the circumstances support a lesser penalty. As we explain below, we agree that the district court acted within the statutory limits in effect at the time when it sentenced Chacon to 2 years' imprisonment with 12 months of postrelease supervision for possession of a controlled substance in case No. S-16-425. However, considering again, as we did above, Chacon's criminal history, failed attempts at probation, and past resistance to treatment, we find that the district court did not abuse its discretion in sentencing him on this conviction. See *State v. Oldson, supra*.

[4] However, an appellate court always reserves the right to note plain error which was not complained of at trial or on appeal. *State v. Samayoa*, 292 Neb. 334, 873 N.W.2d 449 (2015). With respect to Chacon's felony sentence in case No. S-16-425, the State opines that plain error has occurred due to the doctrine enunciated in *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971), and the interplay between L.B. 605 and L.B. 1094, the latter of which took effect after Chacon's sentence. We agree.

[5-9] We begin by recounting the principles that govern our analysis. Statutory interpretation presents a question of law, which an appellate court reviews independently of the lower court's determination. *State v. Draper*, 289 Neb. 777, 857 N.W.2d 334 (2015); *State v. Smith*, 286 Neb. 77, 834 N.W.2d 799 (2013). Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Raatz*, 294 Neb. 852, 885 N.W.2d 38 (2016). It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, or unambiguous out of a statute. *Id*. In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Id*. Components of a series or collection

of statutes pertaining to a certain subject matter are in pari materia and should be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions are consistent, harmonious, and sensible. *Id.*

L.B. 605 became effective on August 30, 2015, prior to sentencing in the instant case and prior to the events that led the State to charge Chacon with possession of a controlled substance in case No. S-16-425. L.B. 605 amended Neb. Rev. Stat. § 29-2260(5) (Supp. 2015), which provided:

> For all sentences of imprisonment for Class III, IIIA, or IV felonies, other than those imposed consecutively or concurrently with a sentence to imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, the court shall impose *a determinate sentence* within the applicable range in section 28-105, including a period of postrelease supervision.

(Emphasis supplied.) Therefore, at the time Chacon was sentenced, Nebraska law required prison sentences for Class IV felonies, except for those sentenced concurrently or consecutively with higher class felonies, to be determinate with a period of postrelease supervision. See § 29-2260(5). On March 30, 2016, the district court sentenced Chacon concurrently for two Class IV felonies and a Class W misdemeanor. Thus, Chacon was not sentenced for a Class IV felony that was imposed consecutively or concurrently with a higher class felony. As of the date of Chacon's sentencing for the Class IV felony in case No. S-16-425, § 28-105(1) and (7) (Supp. 2015) authorized a maximum penalty of 2 years' imprisonment with 12 months' postrelease supervision, a $10,000 fine, or both. Accordingly, the district court's determinate sentence of 2 years' imprisonment with a 12-month period of postrelease supervision fell within the statutory limits and followed the proper procedure for Class IV felonies as outlined in § 29-2260(5) at the time of sentencing.

However, on April 20, 2016, after sentencing, but while this matter was pending on appeal, L.B. 1094 took effect.

L.B. 1094 struck subsection (5) from § 29-2260 and added Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016), which provides:

> For any sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, imposed consecutively or concurrently with *(a) a sentence for a Class III, IIIA, or IV felony for an offense committed prior to August 30, 2015*, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony, *the court shall impose an indeterminate sentence* within the applicable range in section 28-105 *that does not include a period of post-release supervision*, in accordance with the process set forth in section 29-2204.

(Emphasis supplied.) Had Chacon been sentenced pursuant to L.B. 1094, he would have received an indeterminate sentence without postrelease supervision for possession of a controlled substance in case No. S-16-425. This penalty, without postrelease supervision, would have been more favorable to Chacon than the sentence he received under the statute in effect at the time of sentencing.

[10] Under the *Randolph* doctrine, generally, when the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature specifically provided otherwise. See *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971). But, the *Randolph* doctrine does not apply if the Legislature created a "new crime" rather than merely changing the penalty for an existing crime. See *State v. Duncan*, 291 Neb. 1003, 870 N.W.2d 422 (2015).

Chacon's sentence for possession of a controlled substance in case No. S-16-425 fits the criteria contemplated by the *Randolph* doctrine. We have already explained that the application of L.B. 1094 would mitigate Chacon's sentence, which is not yet final, given that this direct appeal is still

pending. See *State v. Duncan, supra* (sentence on appeal is not final judgment until entry of final mandate). Furthermore, L.B. 1094's sentencing changes to Class IV felonies do not constitute a "new crime," and the Legislature did not specifically provide that the changes wrought by L.B. 1094 ought not apply retroactively to Class IV felonies that predate it. Indeed, Neb. Rev. Stat. § 83-1,135.02 (Cum. Supp. 2016) provides that L.B. 1094's amendments to § 29-2204.02 "apply to all committed offenders under sentence, on parole, or on probation on or after April 20, 2016." Chacon was a committed offender under sentence as of April 20, 2016, L.B. 1094's effective date.

Although L.B. 1094 was not in effect at the time of sentencing, the plain language of the statute and the *Randolph* doctrine compel us to apply it to Chacon's sentence for possession of a controlled substance in case No. S-16-425. As a matter of plain error, therefore, we conclude that Chacon is entitled to retroactive relief under L.B. 1094. Consequently, we vacate Chacon's sentence for possession of a controlled substance in case No. S-16-425 and remand the cause for resentencing consistent with § 29-2204.02(4) and the standard set forth in *State v. Artis, ante* p. 172, ___ N.W.2d ___ (2017), wherein we recently explained L.B. 1094's practical impact on sentencing for Class IV felonies pursuant to § 29-2404.02(4).

## DRIVING UNDER INFLUENCE IN S-16-425:
### NOT ASSIGNED AND ARGUED

[11] In case No. S-16-425, Chacon was sentenced for both possession of a controlled substance and driving under the influence. Chacon's brief in case No. S-16-425 assigns that "[t]he sentence imposed in this case was excessive." However, Chacon's brief argues only that his sentence for possession of a controlled substance was excessive. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an

appellate court. *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). Accordingly, we do not consider the propriety of Chacon's sentence for driving under the influence in case No. S-16-425.

## CONCLUSION

In case No. S-16-419, we find that the district court did not abuse its discretion in sentencing Chacon for possession of a controlled substance, and we affirm. In case No. S-16-425, we also affirm Chacon's sentence for driving under the influence. However, in light of our application of the *Randolph* doctrine to L.B. 1094, we vacate Chacon's sentence for possession of a controlled substance in case No. S-16-425 and remand the cause for resentencing in accordance with this opinion.

Judgment in No. S-16-419 affirmed.
Judgment in No. S-16-425 affirmed in part
and in part vacated, and cause remanded
with directions.