Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/23/2018 09:14 AM CST

STATE OF NEBRASKA, APPELLEE, V.
BRIANNA L. HUSTON, APPELLANT.
___ N.W.2d ___

Filed December 1, 2017.    No. S-17-267.

1. **Sentences: Appeal and Error.** An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.
2. **Criminal Law: Statutes: Sentences: Legislature.** Where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise.
3. **Appeal and Error.** An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.

Appeal from the District Court for Hall County, MARK J. YOUNG, Judge, on appeal thereto from the County Court for Hall County, PHILIP M. MARTIN, JR., Judge. Sentence vacated, and cause remanded with directions.

Robert W. Alexander, Deputy Hall County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

KELCH, J.

## NATURE OF CASE

Brianna L. Huston was sentenced to jail time and probation after pleading guilty to first-offense driving during revocation. In addition to this sentence, the county court for Hall County ordered a revocation of Huston's driver's license for 1 year, believing that such was required under this court's interpretation of Neb. Rev. Stat. § 60-4,108 (Cum. Supp. 2016) set forth in *State v. Frederick*.[1] On appeal, the district court for Hall County affirmed. Huston subsequently appealed the revocation portion of her sentence to this court.

While Huston's appeal was pending, 2017 Neb. Laws, L.B. 263, went into effect, which amended § 60-4,108 to allow the sentencing court discretion in ordering a revocation for first-time offenders when the offender has been placed on probation.[2] Because we determine that the amended version of § 60-4,108 applies retroactively to Huston's sentence, we vacate Huston's sentence in its entirety and remand the cause to the district court with directions to remand it to the county court for resentencing consistent with the amended version of § 60-4,108.

## FACTS

In July 2016, Huston was charged with driving during revocation, second or third offense. In November, she pled guilty to an amended charge of first-offense driving during revocation. In exchange for Huston's plea, the State agreed to a sentence of 45 days' jail time and to not oppose Huston's request for house arrest. The county court sentenced Huston to 45 days' jail time and 6 months' probation and revoked her license for 1 year.

In revoking Huston's license, the county court found that it was obligated to do so by *State v. Frederick*, which involved

---

[1] *State v. Frederick*, 291 Neb. 243, 864 N.W.2d 681 (2015).

[2] See 2017 Neb. Laws, L.B. 263, § 65.

another appellant convicted of driving during revocation.[3] In *Frederick*, we found no merit to the appellant's assignment of error and affirmed his conviction. Although neither party assigned or argued it, we found that the sentencing court committed plain error when it failed to revoke the appellant's driver's license. We said that revocation was required by § 60-4,108(1)(a), which, at the time *Frederick* was issued (and at the time Huston was sentenced), stated in relevant part:

> [For a first offense of driving during revocation,] the court shall, as a part of the judgment of conviction, order such person not to operate any motor vehicle for any purpose for a period of one year from the date ordered by the court and also order the operator's license of such person to be revoked for a like period . . . . Such [order] shall be administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked, whichever is later.

Huston appealed her sentence to the district court, which affirmed the county court's sentencing order, finding no abuse of discretion.

Huston then timely appealed the district court's order in March 2017. The parties' briefs were filed in May and June.

Effective August 24, 2017, L.B. 263 amended § 60-4,108. Prior to L.B. 263, § 60-4,108(1)(a) provided that for a first offense under that section, "the court shall . . . order the operator's license of such person to be revoked for [a period of 1 year]." L.B. 263 added the phrase, "unless the person was placed on probation, then revocation may be ordered at the court's discretion."

## ASSIGNMENT OF ERROR

Huston assigns that the district court erred in affirming the county court's decision to revoke her driver's license and its decision that the revocation must begin immediately.

---

[3] See *State v. Frederick, supra* note 1.

## STANDARD OF REVIEW

[1] An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court.[4]

## ANALYSIS

Before addressing Huston's assigned errors, we turn our attention to the State's assertion that L.B. 263 would amend § 60-4,108 and that if the change went into effect while Huston's appeal was still pending, then the amendment might affect Huston's sentence under *State v. Randolph*.[5]

[2] In *State v. Randolph*, we held that where a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise.[6] But, the *Randolph* doctrine does not apply if the Legislature created a "new crime" rather than merely changing the penalty for an existing crime.[7] Here, the amended version of § 60-4,108 changed only the punishment.

Section 60-4,108 was amended after Huston committed the offense of driving during revocation, but before final judgment. If a defendant appeals his or her sentence, the sentence is not a final judgment until the entry of a final mandate.[8] Because we have not yet entered a final mandate on Huston's appeal of her sentence, the judgment is not yet final. Thus, if the amendment to § 60-4,108 mitigates Huston's punishment, then Huston's punishment is that provided by the amended version of § 60-4,108, unless the Legislature has specifically provided otherwise.

---

[4] *State v. Lantz*, 290 Neb. 757, 861 N.W.2d 728 (2015).

[5] *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971).

[6] *Id.*

[7] See *State v. Duncan*, 291 Neb. 1003, 870 N.W.2d 422 (2015).

[8] *Id.*

We conclude that Huston's punishment is that provided by the amended version of § 60-4,108. The Legislature has not provided otherwise, and the amendment to § 60-4,108 mitigates the punishment for Huston's offense. Before the amendment, under our interpretation set forth in *State v. Frederick*, § 60-4,108 required that a defendant convicted of first-offense driving during revocation have his or her driver's license revoked for a period of 1 year regardless of whether that defendant was placed on probation.[9] After the amendment, if the defendant is placed on probation, revocation is not necessarily required.[10] Accordingly, the amended version of § 60-4,108 allows for a more lenient punishment, i.e., mitigates the punishment, and therefore it applies retroactively to Huston's sentence. Because it applies retroactively, then, the county court should have had discretion in deciding whether to revoke Huston's driver's license.

We acknowledge that Huston's current sentence, including the revocation portion, is within the statutory limits of the past version of § 60-4,108; and even under the amended version of the statute, the county court could order a 1-year period of revocation in its discretion. However, here, the county court was bound by the law at the time of sentencing, was required to impose a period of revocation, and was unable to exercise its discretion.

As a matter of plain error, therefore, we conclude that Huston is entitled to retroactive relief under L.B. 263.[11] Consequently, we vacate Huston's sentence and remand the cause to the district court with directions to remand it to the county court for resentencing consistent with the amended version of § 60-4,108.

[3] Because we conclude that the amended version of § 60-4,108 applies retroactively to Huston's sentence and

---

[9] See *State v. Frederick, supra* note 1.

[10] See 2017 Neb. Laws, L.B. 263, § 65.

[11] See *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017).

remand the cause for resentencing, we need not consider Huston's assignment of error. An appellate court is not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before it.[12]

## CONCLUSION

For the reasons set forth above, we conclude that the amended version of § 60-4,108 applies retroactively to Huston's sentence. Under the amended version, the county court has discretion in deciding whether to impose a period of revocation. Because the county court was unable to exercise its discretion at the time of Huston's sentencing, we vacate Huston's sentence in its entirety and remand the cause to the district court with directions to remand it to the county court for resentencing consistent with the amended version of § 60-4,108.

Sentence vacated, and cause
remanded with directions.

Wright, J., not participating.

---

[12] *Doty v. West Gate Bank*, 292 Neb. 787, 874 N.W.2d 839 (2016).