IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. MEYER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SCOTTIE M. MEYER, APPELLANT.

Filed February 12, 2019.    No. A-18-353.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Thomas P. Strigenz, Sarpy County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

MOORE, Chief Judge, and RIEDMANN and WELCH, Judges.

RIEDMANN, Judge.

### INTRODUCTION

Scottie M. Meyer appeals from his plea-based convictions and sentences in the district court for Sarpy County. He claims that his trial counsel was ineffective and that the sentences imposed by the district court are excessive. We conclude that the record on direct appeal is insufficient to address one of Meyer's ineffective assistance of counsel claims. We otherwise find no merit to the remaining arguments raised on appeal and therefore affirm.

### BACKGROUND

Meyer was charged by second amended information with 15 counts: 3 counts of first degree sexual assault of a child under 12 years of age; 3 counts of incest; 3 counts of child abuse; 2 counts of tampering with a witness, informant, or juror; and 4 counts of violation of a domestic violence protection order. Pursuant to a plea agreement with the State, Meyer pled guilty to the third

- 1 -

amended information, which charged him with first degree sexual assault of a child under 12 years of age, incest, and violation of a domestic abuse protection order.

According to the factual basis provided by the State at the plea hearing, on October 25, 2016, law enforcement was dispatched to a residence in reference to a child abuse call. There, they made contact with a child and her mother who advised that the child's friend, A.M., had disclosed that her father was hurting her. Officers were able to identify A.M., who was born in 2006, and during an interview at a child advocacy center, she disclosed that from December 1, 2015 through October 25, 2016, her father, Meyer, subjected her to penile-vaginal penetration on multiple occasions at their home in Sarpy County. Subsequently, A.M.'s younger sister, S.M., also disclosed that Meyer had subjected her to sexual penetration during the same time period.

During the investigation, Meyer's cell phone was seized, and his internet history revealed searches of various topics related to fathers having sex with their young daughters. The searches were conducted from October 21 through October 26, 2016.

Additionally, between June 15 and December 21, 2017, Meyer sent letters to the children's mother through a pastor. The letters indicated that she should not show the letters to anyone and suggested that the children should change their stories. The children's mother, who was to be a witness in this matter, felt threatened by the letters. Meyer was prohibited by a protection order out of Sarpy County from having any contact with the children's mother.

The district court accepted Meyer's pleas and found him guilty. He was sentenced to 40 to 50 years' imprisonment for the sexual assault charge, 15 to 20 years' imprisonment for incest, and 1 year's imprisonment for violating the protection order. The sentences were ordered to be served consecutively, and Meyer received credit for 481 days served. This timely appeal followed.

## ASSIGNMENTS OF ERROR

Meyer assigns that he received ineffective assistance of counsel and the district court abused its discretion in imposing excessive sentences.

## STANDARD OF REVIEW

The resolution of an ineffective assistance of counsel claim made on direct appeal turns on the sufficiency of the record. *State v. Casares*, 291 Neb. 150, 864 N.W.2d 667 (2015).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *Id*.

## ANALYSIS

*Ineffective Assistance of Counsel.*

Meyer is represented in this direct appeal by different counsel than the counsel who represented him at the trial level. When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise the issue will be procedurally barred. *State v. Casares, supra*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that counsel's

performance was deficient and that this deficient performance actually prejudiced his or her defense. *State v. Casares, supra*. A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *Id*. The determining factor is whether the record is sufficient to adequately review the question. *Id*. When the claim is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel. *Id*. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id*.

Appellate courts have generally reached ineffective assistance of counsel claims on direct appeal only in those instances where it was clear from the record that such claims were without merit or in the rare case where trial counsel's error was so egregious and resulted in such a high level of prejudice that no tactic or strategy could overcome the effect of the error, which effect was a fundamentally unfair trial. *Id*. An ineffective assistance of counsel claim made on direct appeal can be found to be without merit if the record establishes that trial counsel's performance was not deficient or that the appellant could not establish prejudice. *Id*.

Meyer argues that his pleas were not made knowingly, voluntarily, and intelligently because trial counsel failed to appropriately and sufficiently communicate with him. He specifically claims that trial counsel only met with him in the few minutes before the plea hearing, which did not allow sufficient time for counsel to explain the details of the plea agreement and Meyer's corresponding rights. He also asserts that trial counsel failed to explain to him that by pleading guilty, he would forgo the district court ruling on various outstanding pretrial motions and his right to appeal those decisions.

The record before us does not contain the timing or contents of any discussions trial counsel had with Meyer regarding the plea agreement. We therefore conclude that the record on direct appeal is insufficient to address this claim.

Meyer additionally contends that his pleas were not made knowingly, voluntarily, and intelligently because of the pressure he was under to enter into the plea agreement. Because the record does not disclose what, if any, conversations occurred between Meyer and his counsel, the record is insufficient to address this claim.

Meyer is required to specifically assign and argue his trial counsel's allegedly deficient conduct. See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). This requirement arises from a fundamental rule of appellate practice. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *Id*. A generalized and vague assignment of error that does not advise an appellate court of the issue submitted for decision will not be considered. *Id*. Similarly, an argument that does little more than to restate an assignment of error does not support the assignment, and an appellate court will not address it. *Id*. It naturally follows that on direct appeal, an appellate court can determine whether the record proves or rebuts the merits of a claim of ineffective assistance of trial counsel only if it has knowledge of the specific conduct alleged to constitute deficient performance. *Id*. Therefore, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel when raising an ineffective assistance claim on

direct appeal. *Id*. General allegations that trial counsel performed deficiently or that trial counsel was ineffective are insufficient to raise an ineffective assistance claim on direct appeal and thereby preserve the issue for later review. *Id*.

Here, in relevant part, Meyer's assigned error alleges that his pleas were not made knowingly, voluntarily, and intelligently because of the exertion of undue pressure by his trial counsel. His argument as to this point contains no more than an allegation that he was under "overbearing pressure" to enter into the plea agreement and that he was "subjected to pressure on a level and to the extent to render his guilty pleas invalid." Brief for appellant at 13-14. Not only does Meyer not specifically argue this claim beyond restating his assigned error as is required on direct appeal, but he also fails to specifically allege how trial counsel's performance was deficient. Accordingly, this claim is not properly raised on direct appeal and we do not address it.

Finally, under this assigned error, Meyer argues that he waived his right to speedy trial and claims that there is a "good chance" the speedy trial time had run. He notes that the record is devoid of the total speedy trial time that had elapsed.

Meyer is required to specifically assign and argue his trial counsel's allegedly deficient conduct. See *State v. Filholm*, 287 Neb. 763, 848 N.W.2d 571 (2014). Here, however, Meyer makes no assertion as to any action or inaction as to trial counsel regarding his waiver of his right to a speedy trial. Rather, his sole assertion regarding his speedy trial waiver is one sentence tacked onto his argument that he was not able to fully discuss the plea agreement and its effects with his trial counsel. He states "In addition, [Meyer] waived his right to a Speedy Trial even though this case was a re-file and there is a good chance the Speedy Trial time had run." Brief for appellant at 13. He does not allege how trial counsel's performance was deficient in this respect. For example, he does not claim that trial counsel was ineffective in advising him to waive his right to speedy trial, failing to inform him that by entering a plea he was waiving his right to challenge a speedy trial violation, or failing to file a motion to revoke his waiver of speedy trial or motion to discharge based on speedy trial grounds. He does not even allege with any certainty that the speedy trial time had run. We therefore conclude that Meyer has not alleged deficient performance with sufficient particularity, and as a result, this claim is not properly raised in this appeal.

*Excessive Sentences.*

Meyer also assigns that the district court abused its discretion by imposing excessive sentences. He does not allege that the sentences fall outside the statutory limits; rather, he argues that the court failed to consider important factors that supported a sentence of probation, and instead, the court impermissibly afforded substantial weight to the crimes. He also claims that the presentence investigation report (PSR) reveals several factors that weigh in favor of a lower sentence including probation, but he does not specify those particular factors.

First degree sexual assault of a child is a Class IB felony which carries a mandatory minimum sentence of 15 years' imprisonment up to a maximum of life in prison. Neb. Rev. Stat. §§ 28-319.01 and 28-105 (Reissue 2016). Meyer's sentence was 40 to 50 years' imprisonment.

Incest of a victim under 18 years old is a Class IIA felony. Neb. Rev. Stat. § 28-703 (Reissue 2016). A Class IIA felony is punishable by up to 20 years' imprisonment. § 28-105. Meyer was sentenced to 15 to 20 years in prison for this crime.

Violation of a domestic abuse protection order is a Class I misdemeanor. Neb. Rev. Stat. § 42-924 (Supp. 2017). Class I misdemeanors are punishable by up to 1 year's incarceration. Neb. Rev. Stat. § 28-106 (Reissue 2016). Meyer received a sentence of 1 year.

Generally, a trial court has discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively even when offenses carry a mandatory minimum sentence, unless the statute requires consecutive sentences. See *State v. Stone*, 298 Neb. 53, 902 N.W.2d 197 (2017). Accordingly, Meyer's sentences come within the statutory limits, and the district court acted within its discretion in ordering the sentences to run consecutive to one another.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). When imposing a sentence, the sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the violence involved in the commission of the offense. *Id*. The sentencing court is not limited to any mathematically applied set of factors. *Id*. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Meyer argues that the district court abused its discretion by affording substantial weight to the nature of the crime. He also claims that the record reveals several factors weighing in favor of a lower sentence, including probation. We first observe that a person convicted of a felony for which a mandatory minimum sentence is prescribed is not eligible for probation. § 28-105(4). Thus, Meyer was not eligible for probation. In addition, after reviewing the record, although we recognize that there are mitigating factors present, we disagree that the sentences imposed were an abuse of the district court's discretion.

Meyer was 40 years old at the time of sentencing. He has no criminal history other than the present offenses. He obtained a bachelor's degree and served in the U.S. Army from 1996 through 1999, earning an honorable discharge, and later served in the Army National Guard from 2001 through 2009. At the time of his arrest he was working as a computer network engineer for a private corporation.

At sentencing and in a written statement contained in the PSR, Meyer indicated that he accepted full responsibility for his actions. The record indicates otherwise, however. The PSR notes that Meyer was self-protective, minimized self-reported information, and repeatedly expressed his belief that the State was "out to get him." He never mentioned the offenses by name during his presentence interview and, according to the PSR, he appeared to show no emotion during the interview. He admitted that he had "inappropriate relationships" with both of his daughters, but alleged that it only happened one time with each daughter. According to A.M., however, the abuse had been occurring for several years, and S.M. reported that the abuse happened more than one time between December 2015 and October 2016.

Moreover, other inmates who had been incarcerated with Meyer reported that Meyer asked them to contact his wife and get her to take the children out of Nebraska so that they would not testify against him. One of the inmates also said that Meyer showed him the police reports from his case and admitted to the allegations against him contained in the reports. The inmate said that Meyer showed "absolutely no remorse" for what he had done.

Meyer also appeared to blame the State, telling other inmates that that "the government" needs to stay out of his business and cannot control him. And Meyer's wife reported to police that he told her he needed a gun because he wanted to "empty [the gun] into [the prosecutor]" because she ruined his life. Furthermore, despite the fact that his wife obtained a protection order against him, Meyer repeatedly sent her letters through their church pastor, which she perceived as threatening and which suggested that the children should change their stories.

At the sentencing hearing, the district court recognized the impact Meyers' actions had on his children and wife and the fact that they would deal with the effects "for years to come." The court also observed that the victims were between the ages of 6 and 9 when the abuse occurred, and presentence testing determined that Meyer was a moderate to high risk to reoffend.

According to the information in the PSR, A.M. and S.M. have been attending counseling once per week since August 2017. Each girl authored a victim impact statement which was included in the PSR. A.M. wrote that although she has forgiven Meyer, she has not forgotten what he did to her, and as a result of the abuse, she is now emotionally cold, unable to feel love, and does not trust anyone. S.M. expressed confusion, fear, and disgust over what Meyer did to her and worry that she would have to visit him. The girls' mother also submitted a statement, which reported that the girls are no longer the happy, free spirited girls they used to be, and now they are anxious, depressed, sad, and untrusting. According to their mother, the girls are now fearful of men, cry frequently, have become withdrawn from their peers, and their academics have suffered.

The court made clear at sentencing that it considered the information contained in the PSR, the comments made at sentencing, and the required factors. There is no indication that the court did not meaningfully consider any mitigating factors contained in the record, and the nature of the crime, including its impact on the victims, is an appropriate consideration for the sentencing court. Therefore, based on the record before us, we cannot find that the sentences imposed constitute an abuse of discretion.

*Plain Error.*

In its brief, the State notes possible plain error in the sentence imposed for violation of a domestic abuse protection order. The State asserts that because Meyer was sentenced for a Class I misdemeanor along with a term of imprisonment for a Class IB and IIA felony, he should have received an indeterminate sentence for the misdemeanor pursuant to Neb. Rev. Stat. § 29-2204.02(5) (Reissue 2016). We find no plain error in sentencing.

An appellate court always reserves the right to note plain error that was not complained of at trial or on appeal. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and

fairness of the judicial process. *Id*. A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id*.

Section 29-2204.02(5) provides:

For any sentence of imprisonment for a misdemeanor imposed consecutively or concurrently with a sentence of imprisonment for a Class III, IIIA, or IV felony for an offense committed on or after August 30, 2015, the court shall impose a determinate sentence within the applicable range in section 28-106 unless the person is also committed to the Department of Correctional Services in accordance with section 29-2204 for (a) a sentence of imprisonment for a Class III, IIIA, or IV felony committed prior to August 30, 2015, or (b) a sentence of imprisonment for a Class I, IA, IB, IC, ID, II, or IIA felony.

Statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *State v. Aguallo*, 294 Neb. 177, 881 N.W.2d 918 (2016).

According to its plain language, § 29-2204.02(5) applies when a trial court is imposing consecutive or concurrent sentences for a misdemeanor along with a Class III, IIIA, or IV felony. If that is the case, the sentencing court must impose a determinate sentence for the misdemeanor unless one of the exceptions set forth in the statute applies. Here, Meyer was sentenced for a misdemeanor, but there was no corresponding sentence for a Class III, IIIA, or IV felony. Accordingly, § 29-2204.02(5) does not apply to the facts of this case. We therefore disagree with the State's assertion and find no plain error in the sentences imposed.

CONCLUSION

We conclude that the record before us is insufficient to address Meyer's claim that trial counsel was ineffective in coercing him and in failing to properly communicate with him regarding the plea agreement as set forth above. Otherwise, finding no merit to the remaining arguments made on appeal, we affirm the convictions and sentences.

AFFIRMED.