IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WARREN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

BRANDON S. WARREN, APPELLANT.

Filed April 21, 2026.    No. A-25-616.

Appeal from the District Court for Seward County: JAMES C. STECKER, Judge. Affirmed.

Tana M. Fye, Seward County Public Defender, of FGH Law Office, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

MOORE, BISHOP, and WELCH, Judges.

WELCH, Judge.

## I. INTRODUCTION

Brandon S. Warren appeals from his plea-based conviction of attempted possession of marijuana with the intent to distribute. He contends that the sentence imposed is excessive and that his trial counsel was ineffective by withdrawing his motion to suppress evidence and by misleading him as to the sentence to be imposed. For the reasons set forth here, we affirm.

## II. STATEMENT OF FACTS

On May 29, 2024, a sheriff's deputy stopped a vehicle driven by Warren. The deputy smelled the odor of marijuana coming from the vehicle and became suspicious that criminal activity was occurring. A probable cause search of the vehicle was conducted, and in the rear passenger compartment cargo area, law enforcement located large black garbage bags, as well as duffle bags, containing various amounts of shrink-wrapped marijuana totaling 179 pounds. Warren

- 1 -

was charged with possession of marijuana with the intent to distribute, a Class IIA felony, and possession of marijuana without a tax stamp, a Class IV felony.

In February 2025, Warren filed a motion to suppress evidence. The suppression hearing was set for a date in May, but on that date, the parties informed the court that they had reached a plea agreement. Pursuant to a plea agreement, Warren pled guilty to attempted possession of marijuana with the intent to distribute, a Class IIIA felony. The State dismissed the remaining charge and agreed not to file any other charges arising from the incident. In addition to the facts set forth above, the State noted that the weight of the marijuana seized was consistent with an intent to distribute. During the plea hearing, the district court engaged in substantial dialogues with Warren. As needed, these colloquies will be set forth in the analysis section of this opinion.

During the sentencing hearing, the court noted that it had reviewed the presentence investigation report and that Warren was 31 years old, had taken some college courses, was employed, had a criminal history including driving under the influence (DUI) and liquor offenses, and that the level of service/case management inventory (LS/CMI) had assessed Warren as a low risk to reoffend. Although the court commended Warren for making changes in his life, the court stated that it "cannot ignore that this was a large quantity of marijuana, not for personal use" and that Warren had received the benefit of a favorable plea agreement. The court found that Warren was not a fit candidate for probation and that a lesser sentence would depreciate the seriousness of the crime or promote disrespect for the law.

The district court sentenced Warren to 18 months' imprisonment followed by 18 months of post-release supervision. Warren received credit for 4 days served. Warren has timely appealed to this court and is represented by different counsel than represented him during his plea and sentencing.

## III. ASSIGNMENTS OF ERROR

Warren contends that the sentence imposed is excessive and that his trial counsel was ineffective by withdrawing his motion to suppress evidence and by misleading him as to the sentence to be imposed by the district court.

## IV. STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

Whether probation or incarceration is ordered is a choice within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020).

An appellate court resolves claims of ineffective assistance of counsel on direct appeal only where the record is sufficient to conclusively determine whether trial counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance as matters of law. *State v. Kruger*, 320 Neb. 361, 27 N.W.3d 398 (2025). An ineffective assistance of counsel claim will not be addressed on direct appeal if it requires an evidentiary hearing. *Id*. Whether a claim of ineffective assistance of counsel may be determined on direct appeal is a question of law. *Id*.

Whether an assignment of error and accompanying argument is too vague to be sufficiently raised before the appellate court is a question of law. *State v. Rupp*, 320 Neb. 502, 28 N.W.3d 74 (2025).

## V. ANALYSIS

### 1. EXCESSIVE SENTENCE

Warren's first assigned error is that the sentence imposed is excessive. He contends that based upon the factors to be considered by the court, he should have been sentenced to probation.

Warren pled guilty to attempted possession of marijuana with the intent to distribute, a Class IIIA felony. See, Neb. Rev. Stat. § 28-201 (Reissue 2016) (criminal attempt); Neb. Rev. Stat. § 28-416(1)(a) and (2)(b) (Cum. Supp. 2024) (possession of a controlled substance with intent to distribute). Since the time of Warren's sentence and while this case has been on appeal, § 28-105 was amended by 2025 Neb. Laws, L.B. § 25, which became effective on September 3, 2025. The amended statute established lesser minimum penalties for Class IIIA felony convictions. Pursuant to the doctrine established by *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971), when the Legislature amends a criminal statute by mitigating the punishment after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature specifically provided otherwise. *State v. Chacon*, 296 Neb. 203, 894 N.W.2d 238 (2017). For purposes of the *Randolph* doctrine, if a defendant appeals his or her sentence, then the sentence is not a final judgment until the entry of a final mandate. See *State v. Duncan*, 291 Neb. 1003, 870 N.W.2d 422 (2015). Here, because Warren timely filed an appeal and a final mandate has not yet been entered, he is entitled to receive the benefit of the lesser sentencing range. Neb. Rev. Stat. § 28-105 (Supp. 2025) provides that Class IIIA felonies are punishable by a minimum of no imprisonment and a maximum of 3 years' imprisonment followed by 0 to 18 months' post-release supervision and/or a $10,000 fine. Warren's sentence of 18 months' imprisonment followed by 18 months of post-release supervision is within the statutory sentencing range. Additionally, Warren received a benefit from his plea agreement in which a Class IV felony was dismissed and his possession charge was reduced from a Class II felony to a Class IIIA felony.

It is well established that an appellate court will not disturb sentences within the statutory limits unless the district court abused its discretion in establishing the sentences. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *Id*.

The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

We further note that Warren's claim that the district court failed to properly weigh the relevant factors relating to sentencing is merely a request for this court to conduct its own de novo

- 3 -

review of those factors. It is not the proper function of an appellate court to conduct a de novo review of the record to determine what sentence it would impose. *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025).

The presentence investigation report reflected that Warren was 31 years old, single, with two dependents. He graduated from high school and earned some college credits. He has been self-employed for the past 1½ years and has a strong work history. Although Warren had been charged with four offenses, one of those charges was dismissed and the disposition was not listed for the remaining three offenses. The level of service/case management inventory assessed Warren as a medium-low risk to reoffend. Warren advised that due to his financial difficulties, he agreed to drive marijuana from the west coast to the east coast. He now regrets his actions.

Here, although Warren had several factors in his favor, including the lack of a criminal history, his expressed remorse, his medium-low risk to reoffend, because the sentence imposed is within the statutory sentencing range, because of the benefit that Warren received from his plea agreement, and because of the quantity of marijuana involved with this crime, we cannot say that the sentence imposed was excessive or that the court abused its discretion in imposing a sentence of imprisonment rather than probation.

## 2. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Warren's second assignment of error is that his trial counsel was ineffective by withdrawing his motion to suppress evidence and by misleading him as to the sentence to be imposed by the district court.

In *State v. Swartz*, 318 Neb. 553, 566-67, 17 N.W.3d 174, 184-85 (2025), the Nebraska Supreme Court reiterated the propositions of law relative to a defendant's claims of ineffective assistance of counsel made in a direct appeal:

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Rezac*[, 318 Neb.] 352, 15 N.W.3d 705 (2025).

Generally, to prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*[, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d. 674 (1984)], the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Dat*[, 318 Neb.] 311, 15 N.W.3d 410 (2025). To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id*. To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id*.

An ineffective assistance of counsel claim is raised on direct appeal when the claim alleges deficient performance with enough particularity for (1) an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) a district

- 4 -

court later reviewing a petition for postconviction relief to recognize whether the claim was brought before the appellate court. *Id*.

Once raised, an appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims. *Id*. The record is sufficient if it establishes either that trial counsel's performance was not deficient, that the appellant will not be able to establish prejudice as a matter of law, or that trial counsel's actions could not be justified as a part of any plausible trial strategy. *Id.*

(a) Withdrawal of Motion to Suppress

We first address Warren's claim that his trial counsel was ineffective for withdrawing his motion to suppress evidence. We find that the record refutes this claim.

During the plea hearing, the following colloquy occurred between the court and Warren:

THE COURT: Before I determine whether to accept your guilty [plea], it is necessary I advise you of some further matters and examine you to determine whether your [plea was] made freely, knowingly, voluntarily and intelligently.

If you made any confessions or admissions to any public official, you are entitled to a separate hearing to determine whether those confessions or admissions were freely and voluntarily made.

If there [was] any physical evidence seized, you are entitled to a separate hearing to determine whether that was a lawful seizure.

Do you understand that your [plea] of guilty would waive the right to challenge the voluntariness of any confessions or admissions that you made, or the lawfulness or the seizure of any physical evidence?

[Warren:] Yes, Your Honor.

THE COURT: In other words, do you understand that there would be no Motion to Suppress?

[Warren:] Yes, Your Honor.

. . . .

THE COURT: Knowing that, do you still wish to go forward with your guilty plea?

[Warren:] Yes, Your Honor.

Warren's claim of ineffective assistance is that his counsel was ineffective by withdrawing his motion to suppress. But as the above colloquy illustrates, in connection with his plea, the court admonished Warren that, by entering the plea, Warren would be waiving his right to challenge the lawfulness of the seizure of any physical evidence. After making that admonishment, the court asked Warren if he still desired to move forward with his guilty plea to which Warren responded in the affirmative.

And then, following that colloquy, the court and Warren engaged in an additional colloquy regarding the withdrawal of the motion to suppress. That exchange was as follows:

THE COURT: You had filed a Motion to Suppress. . . . do you understand that you are withdrawing that?

[Warren:] Yes, Your Honor.

THE COURT: And that's a part of this agreement?

[Warren:] Yes, Your Honor.

THE COURT: You have discussed it with [defense counsel]?

[Warren:] Yes, Your Honor.

THE COURT: No one has made any threats, force or promise other than what's contained in the plea agreement?

[Warren:] No, Your Honor.

THE COURT: All right. The Court finds [that Warren] freely, knowingly, voluntarily and intelligently withdraws his motion to suppress.

As the record most clearly indicates, the court admonished Warren that he would be waiving his right to contest whether the seizure of evidence was lawful before accepting his plea, yet Warren specifically acknowledged his desire to move forward with his plea. And then more specifically, Warren acknowledged that it was his desire to withdraw the motion to suppress, that the withdrawal was part of his plea agreement, and that he had the opportunity to discuss it with his counsel. Accordingly, as to Warren's specific assignment of error that his counsel was ineffective in withdrawing his motion to suppress, the record refutes that claim as Warren himself instructed the court to do so in connection with his plea agreement, which Warren acknowledged he understood and desired to pursue. And to the extent Warren is arguing that he would not have agreed to do so had his attorney not promised a lesser sentence, we address that in connection with the next section of the opinion.

(b) Alleged Misleading by Counsel
Regarding Sentence to Be Imposed

Next, Warren claims that during discussions of the plea offer, trial counsel led him to believe that Warren "would receive a sentence of deferred judgment probation." Brief for appellant at 13. Although the record on appeal does not include Warren's conversations with counsel regarding sentencing, the record does reflect that the suppression hearing was scheduled for May 1, 2025, but it was not held because the parties had reached a plea agreement. During the plea hearing, the following colloquy occurred between the court and Warren regarding sentencing:

THE COURT: Have there been any promises made to you as to the sentence the Court might impose?

[Warren:] No, Your Honor.

THE COURT: Do you understand that before any punishment would be imposed, there would be a presentence investigation report prepared and a sentencing hearing held to develop all the facts relevant to what that sentence should be?

[Warren:] Yes, Your Honor.

THE COURT: Do you understand that I would be the one making that decision? At this time, I don't know what that sentence would be. If someone tells you that they think they might know, do you understand that they are simply guessing?

[Warren:] Yes, Your Honor.

THE COURT: Do you understand that to the extent that either the State or your attorney make any sentencing recommendations, that I am not bound by any such

recommendation I am free to impose any sentence between the minimum up to the maximum, which could be up to three years in prison, a $10,000 fine, and up to 18 months' Post-Release Supervision; do you understand that?

[Warren:] Yes, Your Honor.

THE COURT: Knowing that, do you still wish to go forward with your guilty plea?

[Warren:] Yes, Your Honor.

Because this colloquy clearly demonstrates that Warren was aware that the district court had the sole authority to determine Warren's sentence, he cannot now claim otherwise. As the Nebraska Supreme Court held in *State v. Vanderpool*, 286 Neb. 111, 835 N.W.2d 52 (2013), when allegations of ineffective assistance of counsel are affirmatively refuted by a defendant's assurances to the sentencing court, there is no basis for relief. In this holding, the court cited to a prior opinion where it had stated:

> If the dialogue which is required between the court and the defendant ... all done during the sanctity of a full and formal court proceeding, is to be impugned by a mere recantation made after the doors of the prison clang shut, we are wasting our time and that of the trial judges, making a mockery out of the arraignment process.

*Id.* at 118-19, 835 N.W.2d at 58 (citing *State v. Scholl*, 227 Neb. 572, 419 N.W.2d 137 (1988)). This claim of ineffective assistance of counsel fails.

## VI. CONCLUSION

Having considered and rejected Warren's assigned errors regarding his sentence and ineffectiveness of trial counsel, we affirm Warren's conviction and sentence.

AFFIRMED.